Parker *vs.* Jones *et al.*

Martha J. Parker, executrix, plaintiff in error, *vs.* John Jones *et al.*, defendants in error.

(Bleckley, Judge, was providentially prevented from presiding in this case.)

1. A *bona fide* purchaser for value from a mortgagor, with seven years' possession of land, will hold the land free from the encumbrance of a mortgage not recorded in the time prescribed by law, the purchaser having neither actual nor constructive notice of the mortgage.
2. Possession under a deed, with actual possession of part of the land covered by the deed, will embrace the whole tract described in the deed, whether such tract be one lot or a number of lots.
3. If a vendor convey land by deed to vendee before he has title himself, and afterwards the vendor does acquire title, his subsequent title enures to the benefit of the vendee, and complete title is vested in the vendee the moment the vendor acquires it.

Mortgage. Prescription. Registry. Notice. Deeds. Vendor and purchaser. Before Judge Wright. Baker Superior Court. May Term, 1876.

Reported in the opinion.

Warren & Hobbs, for plaintiff in error.

D. A. Vason, for defendants.

Jackson, Judge.

Parker foreclosed a mortgage against Irvin, administrator of Bond, and levied the *fi. fa.* upon a tract of land which Jones claimed. The judge found the land not subject, on a statement of facts submitted to him, and the question is, did he find right. The facts are as follows: The plaintiff in *fi. fa.* granted from the state certain adjoining lots of land in September, 1863, and sold them the same day to the defendant, Bond, taking his mortgage on the land for the purchase money. This mortgage was recorded in July, 1867, and was foreclosed in 1871, and levied in 1872. On the 25th of August, 1863, Bond sold the land to Jones, the claimant, and gave him a deed therefor. Jones took possession, and built

upon and cleared one of the lots, and exercised dominion over the other lots embraced in his deed by cutting timber thereon, and held the whole tract in adverse possession in this way for more than seven years. Three questions are made by these facts.

1. Is Jones' title good by prescription against the mortgage? We think it is. Jones was an innocent purchaser without actual notice, and the mortgage was not recorded in time, nor before his purchase, therefore without constructive notice: Code, section 1957.

2. Did Jones' possession cover the whole tract described in the deed, or only the one lot he had cleared? We think it covered the entire tract, and that the word tract in the statute means all the land embraced in a deed and lying contiguous, no matter of how many different parcels or lots it was originally composed: Code, section 2681; 15 *Georgia Reports*, 545; 44 *Ibid.*, 607.

3. If a vendor convey land to a purchaser before he acquire title himself, and he subsequently acquire the title, does such title enure to the benefit of the vendee as against subsequent purchasers or mortgagees? We think it does, and such subsequent mortgagee and those holding under him by subsequent conveyances, hold subordinate to the title which vested in his first vendee the moment the vendor himself got it: 23 *Georgia Reports*, 383; 29 *Ibid.*, 17. This case is clearly distinguishable from *Stokes vs. Maxwell*, 53 *Georgia Reports*, 657. There the title of the purchaser was subsequent to the mortgage; here it is prior to the mortgage; the mortgage is not recorded in time to affect the purchaser, and he bought without notice, actual or constructive.

Judgment affirmed.