## JANES, administrator, *vs.* PATTERSON.

1. Where the vendee of land, holding a bond thereto with part of purchase money paid, sold and conveyed the same by deed, and the vendor, before the sale, obtained judgment for the balance of the

purchase money unpaid and levied the execution thereon; and a purchaser deriving title from the purchaser from the vendee claimed the same, and relied upon the four years' statute to discharge the land from the lien of the judgment for the purchase money, he and those under whom he held having had possession for more than four years before any legal levy was made:

*Held*, that if the purchase was *bona fide* and for value, the land was protected against the lien of the judgment, but only to the extent of the interest in the land which the defendant in execution had under the bond for titles, the four years' possession not beginning to run so as to discharge the entire title in the land from the lien for purchase money until that title passed by deed out of the defendant in execution.

2.  Where, under like circumstances, the purchaser relied upon the adverse possession of himself and those under whom he claimed for more than seven years as giving him title by prescription against the legal title held by the vendor as security for his purchase money :

*Held*, that the ordinary statute of prescription would run in favor of the purchaser from the vendee, both before and after the conveyance by deed of the title of the vendor to the vendee, and after the lapse of seven years, the prescriptive title would be complete against the vendor's title, and would protect the land claimed under the title by prescription against a levy for purchase money made after the seven years had expired.

3.  The recital in a deed of the payment of the purchase money, after a great lapse of time since its execution and continuous possession thereunder, will raise a presumption of the actual payment thereof, subject to be rebutted by evidence.

4.  Possession under a recorded deed will extend to the boundaries described therein, though the tract consists of several contiguous original lots, and the actual *possessio pedis* be confined to some of the lots only.

5.  As the facts make a case where the claimant is protected by the prescriptive title of seven years adverse possession, and the verdict is therefore right, no matter what the court charged on other points, the judgment overruling the motion for a new trial is affirmed.

Statute of limitations. Prescription. Title. Deeds. Presumption. New trial. Before Judge UNDERWOOD. Polk Superior Court. February Term, 1877.

In November, 1858, Hutchings, administrator of Barry, recovered judgment against Johns. Execution issued, and in November, 1878, was levied on certain land which was claimed by Patterson. The evidence showed that Barry

made a bond for titles to Johns, September 15, 1854, covering the land in dispute, which was composed of two contiguous land lots lying together and forming only one tract. Johns went into possession; one lot was improved and occupied, the other not until 1871 or 1872. On February 8, 1864, Johns conveyed this and other lands to Sproul; March 8, 1864, Sproul conveyed to Lowry, the consideration expressed being $100.00; and on November 12, 1872, Lowry conveyed to claimant, the consideration expressed being $700.00. Continuous possession was shown from Johns down to claimant. Plaintiff, before the levy, made and filed a deed to defendant, as provided by the Code, §3654. The last named deed and that from Sproul to Lowry appear to have been recorded; it does not appear whether the others were or not.

The jury found for the claimant. Plaintiff moved for a new trial on the following, among other grounds:

1. Because the verdict is contrary to the law and the evidence.

2. Because the court charged that " where any person has *bona fide* and for a valuable consideration purchased real or personal property, and has been in possession of such real property for four years, or of such personal property two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased," and that plaintiff's execution was no exception to this rule.

3. Because the court charged that actual possession of one lot was possession of other contiguous lots embraced in the same deed under which claimant held.

The motion was overruled, and plaintiff excepted. Janes is the present representative of Barry's estate, and was made plaintiff in error on motion.

J. A. BLANCE; E. N. BROYLES, for plaintiff in error, cited, on recital of payment in deeds, 32 *Ga.*, 195, 200, 202, 203, 211; 20 *Ga.*, 220, 221; 2 Sug. on Vend. and Pur., 22, 353; 2 Wharton on Ev., §§1041–1043, and note 1, 1048; 2 Lead.

Cases in Eq., 126, 127; 4 Pet., 83; 40 *Ga.*, 481; 48 *Ib.*, 329; 58 *Ib.*, 236. *Onus* on purchaser, 2 Story's Eq. Jur., §§64c, 1502 and note 2; 1 Sumner, 506, 510–512; Story's Eq. Pl., 604*a*, 805; 2 Sug. on Vend. and Pur., 581; 55 *Ga.*, 224 (2), 226. Seven years statute not apply, 96 U. S. R., 704; 29 *Ga.*, 411; 54 *Ib.*, 168; 38 Barb., 488; 3 Washb., 292; Wade on Notice, §§46, 329; Code, §2679; 10 Pet., 211, 212; Story's Eq. Pl., §805; Mitf. & Tyler's Eq. Pl. and Pr., 362.

WARREN AKIN; T. W. Akin, for defendant.

JACKSON, Justice.

1. The four years' statute is relied upon to free this land from the lien of the judgment. The judgment is for purchase money, a part only having been paid, and the defendant held a bond for titles only, and sold and made a deed to claimant, or rather to one under whom claimant holds, whilst he held only the bond for titles. His sale to claimant, therefore, conveyed only his title, which was the right to a perfect title, or to a deed, when he paid the balance. The balance is not yet paid; therefore the claimant, not having such title from the defendant in judgment as to discharge the land from its lien for the part yet unpaid, is not protected by four years' possession. If defendant had held a deed from plaintiff to the entire land, and had sold to claimant, and made him a deed, and claimant had held *bona fide* for four years, then claimant would have been protected, and the land would have been discharged from the lien of the judgment, even for purchase money, under the Code, §3583. But no deed ever was made in this case, except for the purpose of selling this land for purchase money, under §3654 of the Code, and four years' adverse possession was not held by claimant after that deed to defendant in judgment.

2. But the bond for titles is good color of title to support the title by prescription which arises after seven years' pos-

session ; or, in other words, seven years' *bona fide* adverse possession under a deed from a party who had possession and bond for titles, works a good prescriptive title in the possessor. This claimant and those under whom he holds have *bona fide* held adverse possession of this land for more than seven years, so far as this record shows the facts, and therefore he has a prescriptive statutory title superior to the legal title which the plaintiff had retained as a security for his purchase money.

3. How far the recital in a deed of the payment of purchase money will go to show the actual payment thereof, is a question not free from uncertainty and doubt from the authorities ; but we are clear that such recital will raise the presumption of actual payment after a great lapse of time since the deed was executed, and possession thereunder continuously for such time. For myself I would say that such recital is always *prima facie* evidence of actual payment, subject, of course, to be rebutted. I am authorized by my brethren, however, to announce the principle only to the extent declared in the third head-note.

4. It is not an open question with us that the actual possessor of one part of a tract of land, consisting of several lots, under a *recorded* deed, will be protected in his prescriptive title to the boundary described in his deed. His *possessio pedis* of part of the entire tract, though but one lot, will constructively extend to all the tract set out in his *recorded* deed, though that embrace other unoccupied lots.

The Code, §2681, would seem to settle the point, and the case of *Parker vs. Jones et al.*, 57 *Ga.*, 504, founded on that section, further confirms the view now entertained and expressed by the entire court. If the deed were unrecorded, the case would be different, because nobody could ascertain the extent of the claim. The record here shows that some of the deeds under which claimant held were recorded, and it does not appear affirmatively that any were *not* recorded. The plaintiff in error must affirmatively show error.

5. So that the claimant's title is good to all this land by prescription, he having had some of it in actual possession, and the balance in constructive possession to the extent of the boundary described in his recorded papers—title—embracing his one tract; and this being so, inaccuracies of the court make no difference; the verdict is right, and should stand, especially after such a great lapse of time and failure so long to press the judgment.

Judgment affirmed.