TRITT *vs.* ROBERTS.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. It is not the agreement of counsel but the certificate of the presiding judge which verifies the brief of evidence to enable this court to review the case; therefore the judge, even after counsel had agreed upon a brief satisfactory to themselves, may correct it by

interlineations or otherwise so as to make it conform to his recollection of the facts.

2. Possession of part of one lot embraced in the same deed with other lots will not be extended by construction to the other lots, unless the deed be on record, so as to work a title by prescription; and constructive possession of the unoccupied lots will not begin to run until the date of the record.

Practice in the Superior Court. Deeds. Title. Prescription. Before Judge LESTER. Cobb Superior Court. March Term, 1879.

Reported in the opinion.

A. S. CLAY; W. T. & W. J. WINN, for plaintiff in error.

C. D. PHILLIPS; GOBER & LESTER, for defendant.

JACKSON, Justice.

Roberts brought an action of *trespass quare clausum fregit* against Tritt, for taking and carrying off of lot eight hundred and thirty, in the sixteenth district and second section of Cobb county, certain rails thereon. The jury found for the plaintiff, and the defendant made a motion for a new trial; it was overruled, and thereupon he excepted.

1. One complaint made in the bill of exceptions is, that the court erred in altering a brief of the evidence which had been agreed upon by counsel. This court looks to the presiding judge to certify the bill of exceptions, and not to the counsel. Agreement of counsel without such certificate would not avail to bring the case here in order to have it reviewed. Code, §4252. Therefore the judge may correct the brief of evidence before he decides the motion for a new trial so as to make it conform to the facts proven before him, as he remembers them; and this he may do even after counsel have agreed upon the brief as perfectly satisfactory to themselves. It is upon the judge, not upon counsel, that the law imposes the duty to verify the facts

set out in the bill of exceptions or appended to the motion for a new trial.

2. The plaintiff attempted to show a prescriptive title, and under the evidence, as corrected by the court below, the verdict could be supported, though the testimony is very conflicting on the question of actual possession of a part of this lot by the plaintiff. But we cannot tell whether the jury passed at all upon that issue, to-wit: continuous adverse possession of lot 830 for seven years, for the reason that the court charged the jury that if this lot, 830, was embraced in the same deed with other lots, and if defendant was in possession of either of the others, that possession extended to the boundary described in the deed and would embrace this lot too. The proof was that plaintiff did possess an adjoining lot, having a twenty acre field thereon cleared and cultivated for years, and a deed was in evidence covering number 830 and two other lots. But there is no evidence in the record that the twenty acre field was within either of the lots included in this deed, and therefore there is no evidence to support this charge. Moreover, if by inference the jury could have concluded that the twenty acre cleared field was in one of the lots in the deed which was put in evidence embracing number 830 and two others, still the charge was erroneous, because that deed was not recorded until March, 1879, pending the suit, and until it was put on record the possession of part of one lot covered by it would not by construction be extended over any other lot covered by it, as was ruled in the case of *Janes, administrator, vs. Patterson,* decided at the last term.

The principle is that the holder of a perfect title to a lot of land and resting thereon must have somewhere to look to ascertain if another is in possession thereof, and if time is working a prescriptive right against him. If his adversary has part of his lot lot actually in possession he can see that and take warning; if there be a deed *on record* covering his lot and other lots, and his adversary has possession of the other lots or either of them, he can see that posses-

sion, and looking at the recorded deed he can see that it extends over his lot too, and take warning; but if there be no possession of part of his lot, nor *record* of a deed which would show him that the possession of another lot was covering his also, and making time against him, he has no warning, and does not sleep over any of his rights, and the possession could not in any sense be adverse to him.

Therefore the charge was error in the light of the facts in this record, and as it may have controlled the verdict, a new trial should have been granted; and on its refusal on this ground the judgment is reversed, the defendant having shown perfect title to the land from the state down, and the plaintiff's prescriptive claim being the only impediment to a verdict for him.

Judgment reversed.