## ANDERSON *vs.* DODD.

Whatever may have been the law prior to the Code, section 2681 declares that where a person having paper title to a tract of land is in actual possession of only a part, the law construes the possession to extend to the boundary of the tract, thus rendering actual possession of part necessary to constructive possession of balance. Under this principle the defendant showed a valid prescriptive title, and the verdict in his favor was correct.

Ejectment. Prescription. Possession. Before Judge McCUTCHEN. Whitfield Superior Court. April Term, 1880.

Sufficiently reported in the opinion.

JOHNSON & McCAMY, for plaintiff in error.

D. A. WALKER; SHUMATE & WILLIAMSON, for defendant.

HAWKINS, Justice.

This was an action of ejectment tried in Whitfield county for the recovery of lot No. 99 in the eleventh district. The lot was one of a body of land owned by defendant consisting of twelve lying in juxtaposition to each other. The plaintiff, on the trial, relied upon the grant from the state to one Stribbling, and from him to the plaintiff, Anderson. The defendant relied upon a prescriptive title, and supported by color, coupled with seven years' possession, and the question now here for adjudication is whether the defendant's prescriptive title is better than the one submitted by the plaintiff.

The decisions in the 28th and 30th *Ga.,* rested on the idea that a constructive possession was that which *title* draws to itself; that is to say, when A owned a tract of land entirely vacant, he was in the constructive possession

thereof. This, with other incidents to the writ of *forme-don* in remainder in use in Georgia prior to the Code, affected the plaintiff's claim and title, and not the limitation provided in the law to protect prescription. But the Code abolished the statute of limitations in reference to adverse possession of lands, and provided in lieu thereof a system of prescription, which enacts that seven years' possession, with color of title and claim of right, etc., shall constitute a title to land in Georgia.

The Code declares constructive possession to be a possession of lands where a person having paper title to a tract of land is in actual possession of only a *part thereof*. In such cases the law construes the possession to extend to the boundary of the tract; hence adjacent owners may be in constructive possession of the same land, being included in the boundaries of each. In such cases no prescription can arise in favor of either. See Code, §2681.

The principle here, as to constructive possession, gives it new characteristics not theretofore recognized by our courts, and limited the same to an actual possession of a part with color of title to the rest of the tract. Hence it might well have been held that A, residing in Hall county, with a title to a lot of land in Lee, with no actual possession of a part of that or adjoining lots in one settlement, that he was in the constructive possession of the lot in Lee; so it was considered in 28 *Ga.*, and likewise in the decision in 30 *Ga.* of *Wiley vs. War-mock*, but the Code in the section referred to requires more to constitute constructive possession of land—that the owner shall have actual possession of a part of the tract or settlement with color and claim of right to the balance.

The prescription of the Code also requires the possession to be *bona fide*, not originating in fraud, the possessor's own right, not permissive, but exclusive, continuous, peaceable and uninterrupted, coupled with claim of right. Let us apply these elements of our law supporting pre-

scriptive titles to the case at bar.   The defendant resides on, and is in actual possession of, twelve lots, adjacent to this lot, the one sued for.   He obtained a deed to the whole including this lot; such deed was recorded more than seven years before the suit was instituted; the adjacent lands were in a state of cultivation, with buildings, enclosures, etc., with continuity of holding, marked the character of defendant's possession.

In the view we take of this point, it is unnecessary to decide as to whether the bond for title or the noncupative will gives color of title, for this point must control the case, whether there was any actual possession of the particular lot by the plaintiff or not.

It has been ruled twice in this court that such a possession of an entire body of land made up of several lots, with a deed recorded to the whole plantation, would be a good prescriptive title to the whole.

The actual possession of the other lots, with color to the whole, would extend the possession to the entire boundaries.   The court also said that before the color could avail to extend the actual possession of a part of the plantation by construction to the whole, including the lot in controversy, the deed, as color, must be recorded; not thereby to hold that the mere recording of the deed would be possession or an evidence thereof, but as an element in the *bona fides* of the claim; besides, its record would discover to the claimant the extent of the tract mentioned and claimed in the deed.   For the Code requires not only all the other characteristics mentioned, but that the possession shall be in good faith, and not fraudulent; and we think the latter cases good law, and not in conflict with the reasons and decisions discussed in 28th and 30th *Ga.*

The evidence sustained this theory, and the jury so found, the judge approved the result, and so do we.

Judgment affirmed.