## JOHNSTON, trustee, *vs.* NEAL.

1. A prescriptive title, by virtue of adverse possession under color of title for seven years will prevail against the lien of a judgment against the vendor of such claimant rendered before the prescrip-tion began, but with no levy on the property until after the pre-scriptive title had ripened.

(*a.*) The *fi. fa.* was issued in 1857; one of the defendants in *fi. fa.* conveyed certain land in 1859, which has been held adversely ever since by the vendee and those claiming under him; the levy was made in 1868:

*Held*, that the Code substituted title by prescription for the statute of limitations as to realty ; and therefore in computing the time within which prescription ripened, it ran from the conveyance and taking possession until the statute of limitations was suspended, November 30th, 1861 ; it then ceased to run until the adoption of the Code, when it began to run again in the form of prescription.

2. Where a *fi. fa.* was lying idle, and a *bona fide* purchaser bought land from the defendant and held actual adverse possession, although a levy may have been made after this possession began, it did not stop the running of the purchaser's prescription until some notice thereof to him.

3. Proof that a purchaser bought for value from a defendant in *fi. fa.* raises a presumption of good faith, and if it is desired to rebut this presumption by proof of actual notice of the judgment, the *onus* of proving such fact is on him who asserts it.

Prescription. Statute of Limitations. Judgments. Liens. Vendor and Purchaser. Before Judge FLEMING. Dougherty Superior Court. April Term, 1881.

Reported in the decision.

D. A. VASON, for plaintiff in error.

L. P. D. WARREN ; G. J. WRIGHT, for defendant.

SPEER, Justice.

This was a claim case in which a verdict was returned finding the property subject. A motion for new trial was made, which was overruled, and plaintiff in error excepted. The *fi. fa.* levied was in favor of John Neal, transferee, *vs.* James H. Hill, Paul E. Tarver and Edwin T. Jones, partners using the firm name of James H. Hill & Company, and was issued on the 27th December, 1857, for the sum of $6,913.64, with interest and cost. The *fi. fa.* was levied on the north half of city lots in the city of Albany, No. 26, on Jackson street and No. 28 on Residence street, as the property of E. T. Jones. To this levy plaintiff in error interposed a claim. The levy was made 1st December, 1868, the claim interposed on 17th January, 1881.

Plaintiff in *fi. fa.* introduced in evidence his *fi. fa.*, and proved that one of the defendants in *fi. fa.*, E. T. Jones, was in possession of the premises levied on in 1858 or 1859, after the date of the judgment, and closed.

Claimant introduced in evidence a deed from E. T. Jones to E. Tompkins for the premises in dispute, dated 1st October, 1859, and also a deed from Tompkins to J. A. Hill, and from Hill to claimant; also a release from John Neal, plaintiff, to C. P. Hartwell, releasing over one-third of the Freddie Tarver place, also the Hartwell plantation which was levied on by this *fi. fa.* The Hartwell place contained 1,260 acres, the Freddie Tarver place 2,000 acres The claimant proved Neal had been paid the money for the release on the Hartwell place; would sell for cash at two or three dollars per acre. The third interest in the Tarver place would sell for $1.00 per acre; other testimony valued it at $5.00 per acre. There was testimony that Tompkins and his tenants and claimant and his ten-ants occupied the premises in dispute continuously from date of sale by Jones to the time of this levy.

In the motion for new trial the plaintiff in error insists that the verdict was contrary to law and evidence, and that the court refused to charge the jury the following written requests made by counsel for claimant:

(1.) "If the proof shows that Tompkins and his tenants, including claimants, had continuous possession of this property under a written deed from Jones from 1st October, 1859, and such possession was *bona fide*, continuous and notorious up to the time of this levy, 1st December, 1868, then I charge you the claimant had a good prescriptive right. This is the true rule of law upon this subject since the adoption of the Code 1st January, 1863; the possession of claimant, if as above stated up to the levy, is good as adverse possession, because the statute of limitations, as to real estate, was changed by the Code, and title by prescription was adopted in lieu thereof. Hence prescriptive title was not affected by the act suspending

the statute of limitations. But previous to the Code of 1st January, 1863, the statute of limitations as to real estate was suspended, and hence you deduct from the adverse possession, as appears of proof, the time from the 14th December, 1860, to 1st January, 1863, and if it leaves over seven years possession by claimant, then you should find the property not subject."

(2.) " If the proof does not show that the claimant had notice of this levy until his claim was made, then I charge you that the prescriptive right continued to run until such notice of the levy was proved, or the interposition of this claim. If such was the proof, then you should find the property not subject."

(3.) " If the proof shows that Tompkins purchased from Jones in October, 1859, and that the Hartwell plantation and one-third of the Freddie Tarver place was the property of Paul Tarver, one of the defendants, and that of his executors after his death, and that this was after .859, then the claimant had the right to have these two plantations sold under said Neal *fi. fa.*, and if the proof shows that John Neal, for a valuable consideration, released these two plantations from his judgment, then I charge you this property cannot be subjected, but such release operates in law to discharge this property."

1. One of the main questions involved in this cause, and on which the court below ruled adversely to the plaintiff in error, was whether a title by prescription would prevail against the lien of a judgment in a claim case. The first written request to charge made by claimant's counsel refused by the court, affirms this principle.

The statute declares " that adverse possession of land under written evidence of title for seven years shall give a title by prescription. The exception is that if such written title be forged or fraudulent, and notice thereof be brought home to the claimant before or at the time of the commencement of his possession, no prescription can be based thereon." Code, §2683.

Johnston, trustee, *vs.* Neal.

In the case of *Jones vs. Bivins*, 56 *Ga.*, 538, this court announced the rule that the exceptions specified in the Code by which a prescriptive title will be defeated are exhausted and will not be enlarged by construction." So also in the case of *Janes, administrator, vs. Patterson*, 62 *Ga.*, 527, where the vendee of land, holding a bond thereto with part of the purchase money paid, sold and conveyed the same by deed, and the vendor, before the sale obtained judgment for the balance of the purchase money and levied the execution thereon, and a purchaser deriving title from the purchaser from the vendee, claimed the same and relied upon the four years' statute to discharge the land from the lien of the judgment for the purchase money, he and those under whom he held having had possession for more than four years before any legal levy was made, it was held, that if the purchase was *bona fide* and for value, he was protected only to the extent of the interest in the land which the defendant in execution held under the bond for titles. But where, under like circumstances, the purchaser relied upon the adverse possession of himself and those under whom he claimed for more than seven years, as giving him title by prescription against the legal title held by the vendor as security for his purchase money, the ordinary statute of prescription would run in his favor, both before and after the deed from the vendor to the vendee, and after the lapse of seven years, the prescriptive title would be complete against the vendor's title, and would protect the land claimed under the title by prescription against a levy made after the seven years had expired. This being the rule as recognized by this court, did the evidence in the case authorize the charge as requested? The *fi. fa.* was issued 27th December, 1857, and was levied 1st December, 1868, on the premises as the property of Jones; Jones sold the property to a *bona fide* purchaser for value under whom claimant holds, on 1st October, 1859. In 39 *Ga.*, 386, this court held the statute of limitation was suspended from 30th November,

1861, until 21st July, 1868. The statute ran against this *fi. fa.* up to 30th November, 1861, making, counting from its date, three years eleven months and three days. From that time the statute was suspended, but on the 1st of January, 1863, (the adoption of the Code) the title by prescription began to run in favor of claimant and this ran till the levy was made, making five years and eleven months, which, when added to the period it had already run before 30th November, 1861, makes a prescription of over seven years in time. 'We think, therefore, the claimant was entitled to the charge on his title by prescription and which the court refused.

2. But the court further refused to give in charge the second request in writing made on the part of claimant: " That if the proof does not show claimant had notice of this levy until his claim was made, then the prescriptive right continued to run until such notice of the levy was proved or the interposition of this claim, and if such was the proof, then you should find the property not subject." Was the refusal of this charge error? From an inspection of this record, it appears this *fi. fa.* was levied on 1st December, 1868, nearly eleven years after it issued, and we look in vain for any evidence in the record showing that claimant had notice of it till he interposed this claim on 17th January, 1881. Nor is there any evidence that notice was given to any one. A period of over twelve years this levy seems to have been inactive and lying dormant. In 55 *Ga.*, 399, this court held, " although land sold by a defendant in *fi. fa.* to a *bona fide* purchaser for value, be levied on before the purchaser held it four years, and while it is subject to the judgment lien, yet if plaintiff neglect for the further term of four years to enforce the levy when no obstruction is in the way of its enforcement, and during such four years the land be in possession of another *bona fide* purchaser for value, who holds under the first, it will be discharged from the lien; the case is within the letter of the Code, §3583, and within the spirit of the statute as it stood prior to the adop-

tion of the Code." See also the same principle announced in 56 *Ga.*, 595. This rule of law was invoked upon the part of the claimant in the second written request as set forth above, and we think its refusal was error.

3. A majority of this court has held that a purchase cannot be *bona fide* (within the meaning of the statute) if the purchaser had actual notice of the judgment, and in such a case the statute will not protect him, and counsel for plaintiff in error insists that the claimant must show that the purchaser had no actual notice. *Non constat*. The law requires "actual notice to affect one who buys for value, and the duty is devolved upon him who asserts it to prove it. If the plaintiff's purpose is to show the purchase was not *bona fide* because the claimant had actual notice, on him the law casts the burthen. The claimant may rest securely upon the presumption of good faith where he is a purchaser for value, that the law raises in his favor, until it is overcome by showing actual notice of the judgment at the time of, or before, the purchase on the part of the vendee.

Inasmuch as there was error, in our judgment, in the court refusing these requests, we are constrained to reverse the judgment of the court below and order a new trial, deeming it unnecessary to discuss the other questions made in this record.

Let the judgment below be reversed.