BARBER *et al. vs.* SHAFFER *et al.*

Where a deed did not convey or purport to convey one tract of land, embracing the lots stated therein as one whole body of land, consisting of so many acres, but conveyed several distinct and separate lots of forty acres each, more or less, without any intimation of a sale of all as one tract, possession of one of the lots named did not by construction extend over the others, under the deed as color of title. It is only where all the lots are conveyed as one tract of land that the statute makes the conveyance color of title to extend over them all, and constructively, by the possession of one, extends the grantee's possession to all within the boundaries of the one tract described in the deed.

(*a.*) This case differs from those in 57 *Ga.*, 204; 62 *Id.*, 527; 64 *Id.*, 156; 65 *Id.*, 402.

(*b.*) Under the facts of this case, the numbers of the lots and districts sufficiently identified the land, and the deed was admissible in evidence.

April 20, 1886.

Prescription. Possession. Deeds. Title. Before Judge BRANHAM. Paulding Superior Court. August Adjourned Term, 1885.

Shaffer *et al.* brought ejectment against Barber, tenant, *et al.* Defendants relied on a prescriptive title. The deed under which they claimed conveyed six lots, described as follows:

"No. 212, No. 73, No. 380, No. 382, No. 310; also No. 412, six lots in the second district, third section, containing each lot forty acres to the same, more or less."

Later on in the deed, the lots are spoken of as follows:

"The said six forty-acre lots, according to the Cherokee purchase, now Paulding county, Georgia, containing by estimation fortty acres, be the same more or less."

Lots numbers 380, 382 and 412 were those involved in the suit. It appeared that the corner of lot 380 touched the corner of 412, and that another corner of 412 touched a corner of 382. Possession of 380 was held, and prescription was claimed as to the other two also. All of the plaintiffs had been of age for more than seven years, except one.

The jury found for the minor plaintiff as to lot number 380, and for the defendants against the other plaintiffs as to it. As to the other lots, the jury found for the plaintiffs. The defendants moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law, evidence and the charge of the court.

(2.) Because the court charged the jury as follows: " Whether the deed introduced by the defendant, Braswell, covers an entire tract of land or three several and separate tracts is a question for you to decide. If it covers an entire tract, then actual possession of lot No. 380 would constructively extend to the other lots; but if it covers and embraces three lots that do not constitute and embrace an entire tract (*i. e.*, if lots 382 and 412 are separate tracts of land and not with 380 a part of an entire tract), then the actual possession of 380 would not constructively extend the possession to the other two lots."—The objection to this charge was that it was not warranted by the evidence, it appearing that the lots were connected; and also that the court failed to charge, in that connection, what constituted constructive possession.

The motion was overruled, and the defendants excepted.

C. D. PHILLIPS, for plaintiffs in error.

D. P. LESTER; W. P. McCLATCHY; GEO. N. LESTER, for defendants.

JACKSON, Chief Justice.

The controlling question in this record is, whether the

deed, by which the plaintiff in error defended his possession of the lots of land in dispute as color of title for seven years, extended over them by constructive possession thereof, there being no actual possession of them. The deed does not convey, or purport to convey, one tract of land, which embraced so many lots as one whole body of continuous land, consisting ot so many acres; but it conveys several distinct and separate lots of forty acres each, more or less, without any intimation of a sale of all as one tract.

Therefore, though one of them may be actually occupied by the grantee, such possession does not, by construction, extend over the others by this deed as color. It is only where all the lots are conveyed as one tract of land that the statute makes the conveyance color of title to extend over them all, and constructively, by the possession of one, extends the grantee's possession to all within the boundaries of the one tract described in the deed. Hence, the boundary must be described, to give notice by the record of the deed; and hence it must be recorded. Therefore, this case does not fall within section 2681 of the Code, and the construction of that section in *Parker, ex'x, vs. Jones et al.*, 57 *Ga.*, 204; *Janes, adm'r, vs. Patterson*, 62 *Id.*, 527; *Tritt vs. Roberts*, 64 *Id.*, 156; and *Anderson vs. Dodd*, 65 *Id.*, 402, etc.

This point rules this case. Some point was made on the admissibility of a deed of the defendant in error, on the ground that the section within which the land lay was not described by numbers; but under the facts, the numbers of the lot and district and the name of the county sufficiently identified the land.

Judgment affirmed.