JOHNSON *v.* SIMERLY.

Where a deed properly recorded conveyed five contiguous lots, describing them by their numbers and naming the aggregate

quantity of land conveyed, the whole, although called in the deed
"five tracts or lots of land..containing 202½ acres each," may be
considered as one entire tract, the boundaries of which are the
original lines on the margins of the tract as established by the
State when the lots were laid off in the original survey. Posses-
sion under such a deed of a part of the land thus conveyed will
embrace the whole tract described in the deed. The evidence
warranted the verdict.

December 2, 1892.

Deed. Possession. Boundary. Before Judge MAR-
TIN. Crawford superior court. March term, 1892.

L. D. MOORE, for plaintiff.

R. D. SMITH, for defendant.

SIMMONS, Justice.

Mrs. Johnson, as executrix of W. B. Johnson, alleged
in her petition that Johnson, when he died, was seized
and possessed of lot of land number 28 in the 7th dis-
trict of originally Houston, now Crawford county, and
had perfect title thereto, and that Simerly had, without
any right or authority, entered upon the land, cut and
felled timber, cleared out roadways, etc., and continued
to do so though notified to desist. She prayed an in-
junction, judgment for damages and the appointment of
a receiver subject to final decree. The evidence of title
introduced by her on the trial was a grant of the lot in
question by the State to A. J. & D. W. Orr, issued in
1846, and their deed to Johnson, dated 1849 and re-
corded in 1889. The defendant claimed as tenant under
M. A. Cherry, and introduced a chain of deeds to show
title in Cherry, all of which included the lot in question,
and the first of which was dated 1859 and was recorded
in 1860. This deed described the property conveyed as
follows: "All those five tracts or lots of land, lying, being
and situated in 7th district of originally Houston, now
Crawford county, in said State (of Georgia), . . and
containing 202½ acres each more or less, and known and
distinguished in the plan of said district as Nos. 29, 30,

31, 37 and 28, and containing·in all 1,012½ acres more or less." The description was the same as this in all the succeeding deeds, except those to Cherry and his grantor, executed in 1889 and 1890, in which an additional lot was conveyed, and ·the description commenced as follows: "All and singular that lot or parcels of land," etc. All the deeds in the defendant's chain were duly recorded. It appeared from the evidence that the five lots described were contiguous, forming together one body of land, which was known as the " Rich Hill place," and that as to at least a part of the property there was actual and continuous possession by Cherry and his predecessors in title, beginning about the time of the execution of the first deed (1859), although during that period no one had lived on lot 28, or cultivated or enclosed it. The jury found in favor of ·the defendant, and the plaintiff·made a motion for a new trial, which was overruled, and she excepted.

The grounds of the motion were, that the verdict was contrary to law, evidence, etc., and that the court erred in charging as follows : " If lot No. 28 was conveyed with other lots of land, and the entire land aggregated 1,012½ acres and it was so stated in the deed, and if the lots conveyed were in one body or tract; that is, if the lots were adjoining or contiguous to each other, the possession of a part of the tract would be constructive possession of the entire tract conveyed in the deed, and if the deed was properly recorded, and the defendant and those under whom he claims title held possession for seven years, then his title would be good and you should find for defendant."

There was no error in these instructions. The code, §2681, declares that "constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such a case the law construes the possession to extend to the boun-

dary of the tract." Although in all the deeds under which the defendant claimed, down to that of 1889, the land was described, not as one tract, but as "five tracts," the several tracts described really constituted but one tract, the whole lying together in one body. This being so, it is immaterial how many subdivisions are named in the deed. In *Parker* v. *Jones*, 57 *Ga.* 204, it was held that the word "tract" in this statute "means all the land embraced in the deed and lying contiguous, no matter of how many different parcels or lots it was originally composed." To the same effect see: *Janes* v. *Patterson*, 62 *Ga.* 527; *Tritt* v. *Roberts*, 64 *Ga.* 156; *Anderson* v. *Dodd*, 65 *Ga.* 402. The case of *Barber* v. *Shaffer*, 76 *Ga.* 285, was cited by counsel for the plaintiff in error as holding that the deed must describe the land as one-tract. That decision does not mean, however, that where the land described is in fact one tract, it must in so many words be called one tract. In that case the lots were not adjacent, but some of them were separated from the others by intervening lots. This fact we ascertained by comparing the transcript of the record filed in the clerk's office, with the official maps of the districts in the office of the Secretary of State.

It was contended that in order for the statute to apply, the deed must describe the boundaries of the tract, and that the deeds under which the defendant claims do not do this. We think the boundaries are sufficiently described. The deeds give the numbers of the lots as they were laid off and numbered in the original survey by the State, and the boundaries are the lines on the margins of the tract, as established by the State. This description was sufficient to identify the land, and to put the world on notice of the extent of the claim made under the deed. See *Barber* v. *Shaffer*, *supra*, 76 *Ga.* 285(b). The evidence warranted the verdict.

*Judgment affirmed.*