## LAMBERT v. SHELFER.

The plaintiff, who sought injunctive relief against certain alleged acts of trespass, failing upon the hearing of the case to show either title or possession in himself, was not entitled to an injunction, and the granting of the same was error.

APRIL 18, 1913.

Injunction. Before Judge Edwards. Haralson superior court. October 14, 1912.

*H. J. McBride,* for plaintiff in error.

*James Beall* and *R. W. Adamson,* contra.

BECK, J. Shelfer brought his equitable petition against Lambert, seeking an injunction against the latter to restrain him from entering upon and cutting timber upon a designated lot of land. The petition set up title and possession in the plaintiff. The court below upon the interlocutory hearing found that neither the plaintiff nor the defendant had title, but granted an injunction restraining both parties from trespassing on the land, or committing any waste whatever on the same, until further order.

Under the ruling in the case of *Downing* v. *Anderson,* 126 *Ga.* 373 (55 S. E. 184), and other cases there cited, we are of the opinion that the court below erred in granting the injunction sought by the plaintiff against the defendant. The plaintiff failed to show either title or possession. While he testified in broad and general terms that he had entered into possession at a date prior to the alleged acts of trespass on the part of the defendant, and had put his agent in possession, and that the latter had continued in possession from that date, the undisputed evidence in the case shows that the only acts upon the part of the plaintiff and his alleged agent, indicating possession, were the clearing of a small part of the land whereon a house might be erected, the placing there of a very small quantity of building timber, and the posting of certain notices warning the public not to trespass on the land. No part of the land was enclosed by the plaintiff or placed under cultivation, nor was any building erected on the land in which one might dwell. In the case of *Downing* v. *Anderson,* supra, it was held that the plaintiffs failed to show prior possession, although they made an affidavit in which they asserted, upon information and belief, that their agent had erected houses on certain numbered lots, and that he was in actual possession of these lots; the

real truth of the matter clearly appearing to be, from the evidence of persons acquainted with the facts, that at some time between the date of the plaintiffs' purchase and the filing of their petition their agent caused to be erected a house on two of the lots and a small one-room shanty on another of the lots, that one of the houses had been occupied some time before the granting of the restraining order, but that the shanty had never been occupied at all; and in the decision it was said: "The erection of the shanty on one of the lots in controversy did not have the legal effect of placing the plaintiffs in actual possession of that lot, since a 'mere entry, unaccompanied by an actual occupancy, is no possession at all,' and the building of the shanty indicated merely a purpose to occupy. *Flannery* v. *Hightower,* 97 *Ga.* 604 (25 S. E. 371). So far as the other lot (No. 4) is concerned, there seems never to have been even an actual entry upon it by the plaintiffs or their agent. A plat of the lot to which they assert ownership under the deeds introduced in evidence shows that they are joined together, though neither of the lots on which the alleged trespass occurred immediately adjoins lot No. 124, on which the house actually occupied was erected. At most, the plaintiffs can claim to be only in constructive possession of the lots upon which the timber is being felled. *Johnson* v. *Simerly,* 90 *Ga.* 612 (16 S. E. 951). The evidence demanded a finding that the plaintiffs have never been in actual possession of either of these lots." In the instant case it is equally clear that the plaintiff had never been in possession of the land in controversy. And whether the defendant Lambert is a wrong-doer relatively to the true owner of this land, Shelfer, who had neither title nor possession, failed to show any right to an injunction restraining the defendant from committing the alleged trespasses. *Judgment reversed. All the Justices concur.*