CAMPBELL *v.* GREGORY.

No. 15435.   APRIL 3, 1946.   REHEARING DENIED MAY 10, 1946.

*Shaw & Shaw* and *S. J. Hale,* for plaintiff in error.

*James Maddox* and *Rosser & Rosser,* contra.

WYATT, J. Without giving consideration to other questions which might be involved under the facts of this case, we deal only with the contentions urged in this court. The burden of the argument of counsel for both parties is addressed to one question: whether the plaintiff in the court below proved prescriptive title to the land in dispute by showing actual possession of a portion of a tract of land and constructive possession of the balance for seven years under color of title.

Counsel for the plaintiff in error, though conceding that the various lots conveyed by the successive deeds to the plaintiff's predecessors in title are all contiguous and lie in one body, urges that, since the deeds do not describe the property by language indicating an intention to convey it as a single tract, actual possession of a portion of one lot will not by construction extend to the entire premises conveyed.

"Constructive possession of lands exists where one having paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary of the tract." Code, § 85-404. "Possession under a duly recorded deed will be construed to extend to all the contiguous property embraced therein." Section 85-405. This latter section first appeared in the Code of 1895, and has evoked some question as to when, and under what circumstances, actual possession of a portion of a tract of land will extend by construction to include the balance of the premises conveyed. For an enlightening discussion of the apparent conflict of authorities, see Powell on Actions for Land,

§§ 310, 311, and notes. Foregoing a lengthy discussion here of the various decisions on the question of constructive possession, we believe the following to be the correct rules, based upon precedents and the weight of authority: Ordinarily actual possession, *under a recorded deed,* of a portion of several specified tracts or lots of land which are all contiguous and lie in one body (though not expressly designated as one parcel or tract by the terms of the deed) will extend by construction so as to include the entire premises conveyed. *Janes* v. *Patterson,* 62 *Ga.* 527 (4) ; *Anderson* v. *Dodd,* 65 *Ga.* 402; *Johnson* v. *Simerly,* 90 *Ga.* 612 (16 S. E. 951); *Baxter* v. *Mattox,* 106 *Ga.* 344 (32 S. E. 94) ; Powell on Actions for Land, § 311, and notes. Where, however, such possession is under an unrecorded deed, constructive possession will not extend beyond the tract or lot on which actual possession is maintained. *Grimes* v. *Ragland,* 28 *Ga.* 123; *Tritt* v. *Roberts,* 64 *Ga.* 156 (2) ; *Griffin* v. *Lee,* 90 *Ga.* 224 (15 S. E. 810) ; *Carstarphen* v. *Holt,* 96 *Ga.* 703 (3) (23 S. E. 904). And, in the case of an unrecorded deed, possession will not ordinarily extend by construction beyond the possessio pedis, even as to the lot or parcel on which actual possession is maintained of a portion, unless actual possession has been maintained of a portion *of the land in dispute.* This is true for the reason that otherwise the element of notoriety, which is necessary in prescriptive titles based on constructive possession, is lacking. "In cases involving prescription and in other cases respecting adverse possession, the element of notoriety as to an asserted constructive possession is adequately shown whenever the party asserting the adverse constructive possession shows color of title covering the land in dispute and produces proof, either (1) that his actual adverse possession has been maintained on a part of the land in dispute; or (2) that, while his actual possession may not have been maintained on a part of the land in dispute, yet it has been maintained on a portion of the tract included in his color of title, and that the conveyance which constitutes the color of title was duly recorded, or was otherwise brought to the knowledge (actual or constructive) of the person against whose title the adverse possession is asserted. On the other hand, if the possessor has no actual possession of any part of the tract claimed by the person against whom the adverse constructive possession is asserted, and his deed (though it includes the land in dispute) is not re-

corded and notice of the boundaries has not otherwise been given, the possessor cannot assert adverse constructive possession to the tract in dispute." Powell on Actions for Land, p. 415, § 310.

Applying these rules, did the plaintiff prove prescriptive title to the lot of land in dispute?

The evidence shows that after the death of O. L. Coulter, one of his daughters conveyed to another daughter a number of contiguous lots, title to a portion of which had several years previously been decreed in Coulter, and title to the remainder of which had been decreed in another. The grantee in the deed continued in possession of a small tract of land which was formerly occupied by Coulter, and to which he held title, but no actual adverse possession was asserted as to any of the other lots. This possession was under a recorded deed, but continued for a period less than seven years, when the lands were purchased and the grantee went into possession, and remained in possession for several years, under an unrecorded sheriff's deed, the nature of the occupancy being the same as that of the purchaser's predecessors in title.

The peculiar facts of this case might present an exception to the rule first announced in this opinion; but, conceding that the possession of the grantee in the first deed was such that, since the deed was recorded, prescription began to run as to all the land embraced in the deed, still we do not think that the plaintiff has shown a good prescriptive title, for the reason that under the facts of this case there can be no tacking of possession as to the lot of land in dispute.

The Code, § 85-416, provides: "An inchoate prescriptive title may be transferred by a possessor to a successor, so that the successive possessions may be tacked to make out the prescription." Although, under this section, it is unnecessary that adverse possession be maintained for the statutory period by the same person, since continuity may be shown by the successive bona fide possessions of several persons, provided the requisite privity exists between them, still it is necessary that such several possessions be of such a character as to be the foundation of prescriptive title. Where, as here, one enters into a portion of a lot under an unrecorded deed, he can never under such possession prescribe as to contiguous lots until the deed is recorded; and where the deed is not recorded, we do not think that the incomplete prescriptive title

of his predecessor can inure to his benefit in so far as constructive possession of the contiguous ; s is concerned.

The facts of this case are dj inguishable from those in *Roberson v. Downing Company*, 120 G(²|833 (48 S. E. 429, 102 Am. St. R. 128, 1 Ann. Cas. 757), in whi°ᶠᵗthe court ruled: "Where one enters into possession of a part of a ƭᵌ ict of land under color of title which . is duly recorded, and thereε. ter conveys the land to subsequent grantees, who thereupon ente.., but who fail to record their deed, such subsequent grantees may tack their possession to that under the duly recorded deed, and acquire a good prescriptive title at the expiration of seven years from the entry under the registered instrument." In the *Roberson* case the deeds in question conveyed one lot of land, which was the land in dispute; and the possession was such that the persons in possession could prescribe as to the whole tract conveyed under recorded or unrecorded deeds; and, after announcing the rule quoted, the court specifically held in another division of the opinion that there could be constructive possession under the unrecorded deed. The ruling was undoubtedly sound, as applied to the facts of that case; but it will not be extended so as to cover a case such as the present, where the possession under the unrecorded deed was such that it could not extend by construction to the lot of land in dispute. Clearly, as to contiguous lots on which no actual possession is maintained, successive deeds must be recorded in order to afford a basis for prescriptive title by constructive possession.

The plaintiff having failed to prove a prescriptive title, the court erred in directing a verdict.

*Judgment reversed. All the Justices concur.*