ADAMS v. CITY OF MACON et al.

No. 16418. November 17, 1948.

*Joseph W. Popper* and *Harry S. Strozier,* for plaintiff.

*Miller, Miller & Miller,* for defendants.

GROVES, Justice.   (After stating the foregoing facts.)   ■   When Adams laid the sewer in compliance with the agreement in the sales contract, the sewer line immediately became a part of the realty, since there were no express or implied terms in the contract to indicate otherwise; and Adams having complied with

the terms of the contract, there is no further obligation on his part. *Wright* v. *DuBignon*, 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669); *Wofford Oil Co.* v. *Weems-Fuller Co.*, 166 *Ga.* 173, 175 (142 S. E. 887).

■ Adams, having no property abutting Marjorie Place, the road where the sewer was laid, was not entitled to equitable relief. The courts have repeatedly held that equity will not grant relief to one who has neither title to nor possession of the subject-matter. *Harrell* v. *Hannum*, 56 *Ga.* 508, 509; *Flannery & Co.* v. *Hightower*, 97 *Ga.* 592 (25 S. E. 371; *Lanier, Hamilton & Co.* v. *Hebard*, 123 *Ga.* 626 (4) (51 S. E. 632); *Lambert* v. *Shelfer*, 139 *Ga.* 734 (78 S. E. 113); *Mayor & Council of Forsyth* v. *Hooks*, 182 *Ga.* 78 (184 S. E. 724).

■ In view of the foregoing, it becomes unnecessary to rule on the other questions raised in the bill of exceptions, as well as the constitutional grounds, since the plaintiff has no property right in the subject-matter; therefore no constitutional question could be involved. *Judgment affirmed. All the Justices concur.*