MINCEY *et al. v.* ANDERSON, executrix.

No. 16974. FEBRUARY 14, 1950. REHEARING DENIED MARCH 15, 1950.

*Herschell V. Shelton, Grady Vandiviere,* and *Joseph G. Collins,* for plaintiffs in error.

*Wheeler, Robinson & Thurmond* and *Emory F. Robinson,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Under the Code, §§ 85-404, 85-405, a person claiming under a recorded deed may have constructive possession of lands and may, under §§ 85-401, 85-402, acquire a prescriptive title to all lands which are covered by the deed and are contiguous, by having actual possession of a part thereof for a period of seven years. *Campbell* v. *Gregory,* 200 *Ga.* 684 (38 S. E. 2d, 295), and citations. In the present case there was evidence that the plaintiff executrix, who was. a predecessor in title imme-

diately before her deceased husband and who sought to establish constructive possession in her deceased husband, tried to purchase the land from the defendant in 1936, which was five years before the plaintiff or her husband acquired a deed; and as to this she testified, "At that time I didn't claim any interest in it nor did any one I claim under." This constituted an admission against her interest on the question of good faith as to possession. *Quarterman* v. *Perry*, 190 *Ga.* 275 (2) (9 S. E. 2d, 61). There was also evidence that the defendant paid the tax on the lot in dispute each year since the plaintiff's deceased husband acquired his deed, which was a circumstance tending to prove adverse possession by the defendant. *Chamblee* v. *Johnson*, 200 *Ga.* 838 (2) (38 S. E. 2d, 721), and citations. Accordingly, there being questions of fact for the jury to determine, it was error for the trial judge to direct a verdict for the plaintiff.

*Judgment reversed. All the Justices concur.*