19073. THURSTON *v.* CITY OF FOREST PARK.

SUBMITTED SEPTEMBER 13, 1955—DECIDED OCTOBER 13, 1955.

*William H. Reynolds, Lee Hutcheson,* for plaintiff in error.
*Rex T. Reeves,* contra.

CANDLER, Justice. This is a suit for injunctive relief. It involves a parcel of land 13 feet wide and 49 feet long, which the City of Forest Park seeks to use for street and sidewalk purposes.

The record shows the following undisputed facts: The acreage in dispute is located in the City of Forest Park, and is a part of land lot 50 in District 13 of Clayton County. It is a part of a 50-foot right-of-way, which the Central of Georgia Railway Company conveyed to the City of Forest Park on June 9, 1915, for public-street purposes. College Avenue, formerly an unnamed and unpaved narrow street, is located on the right-of-way which the Central of Georgia Railway Company conveyed to the City of Forest Park; and it was so located and has been used continuously by the public as a street at least since 1869. Since 1915 College Avenue has been paved by the City of Forest Park to a width of about 20 feet. On the east side of College Avenue, there is an unused strip of land from 4 to 5 feet wide between the ditch line and the plaintiff's fence and hedge, which he does not claim. The east boundary line of the city's right-of-way on which College Avenue is located is the original line between lots 50 and 49. The plaintiff has a chain of title for his lot dating back to May 18, 1903. All of the deeds in his chain describe his land as being a part of lot 49 in district 13 of Clayton County and all of them down to the one from James M. Barton to Roy D. Warren, dated December 11, 1941, describe his land as being bounded on the west by the original line between lots 49 and 50. By its descriptive averments, the deed from Mrs. Nannie Stephens to James M. Barton, dated January 21, 1941, which the plaintiff introduced as a link in his chain of title, refers to a 50-foot unnamed street west of and adjacent to the land thereby conveyed. All of the plaintiff's remaining deeds, including the one to himself, describe his land as being on lot 49 and bounded on the west by College Avenue, "a 20-foot street." The plaintiff's residence was constructed in 1942 on lot 49 by his predecessor in title, Roy Warren. A fence and hedge was later placed around the residence, which encloses the acreage here involved, but the evidence does not disclose when or by whom this was done.

The court directed a verdict for the defendant. In due time, the plaintiff moved for a new trial on the usual general grounds, and amended his motion by alleging that the court erred in directing the verdict. The exception is to a judgment denying him a new trial.

When the evidence demands a particular verdict, it is well

settled that it is not erroneous for the judge to direct the jury to find accordingly. Code § 110-104. In this case the evidence shows conclusively that the defendant in 1915 by deed acquired a 50-foot right-of-way on the east side of lot 50 and adjacent to the west side of lot 49 on which College Avenue was then located, and that it has since that date continuously used and maintained a portion of it for public-street purposes; and having had actual possession under its deed of a part thereof, it has had constructive possession of the remaining portion of the area comprising its right-of-way. Code § 85-404; *Shahan* v. *Watkins*, 194 *Ga.* 164 (21 S. E. 2d 58); *Campbell* v. *Gregory*, 200 *Ga.* 684 (38 S. E. 2d 295). And such possession for a period of seven years under color of title ripens into good prescriptive title. Code § 85-407; *Camp* v. *Cochrane*, 71 *Ga.* 865 (1). But the plaintiff contends that, prior to 1915, his predecessors in title by their actual possession of it acquired good prescriptive title to the acreage in dispute. Conceding this to be true, but not holding that the evidence shows it to be, any prescriptive title thus acquired by them was later divested by the defendant's continuous possession of the land comprising its right-of-way for a period of more than seven years immediately subsequent to June 9, 1915, under its color of title. The plaintiff also contends that he has good prescriptive title to the area involved, since he and his predecessors in title have been in actual, adverse, exclusive, peaceable, and notorious possession of it under color of title since 1942. The evidence does not support this contention; but even if it showed such possession under color of title since 1942, it is a settled principle of law in this State that prescription does not run against a municipal corporation in regard to land held by it for the benefit of the public. *Wade* v. *Town of Cornelia*, 136 *Ga.* 89 (70 S. E. 880); *Norrell* v. *Augusta Ry. &c. Co.*, 116 *Ga.* 313 (42 S. E. 466, 59 L. R. A. 101). Since the evidence demanded a verdict for the defendant, it was proper for the judge to dispose of the case as he did. Hence, the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*