BENNETT *v.* ATLANTIC COAST LINE RAILROAD CO.

1. Where, in an action to enjoin a trespass upon its right of way, one of the supports of the railroad company's title is prescription by twenty years adverse possession, it is error for the court to instruct the jury that if the company "opened out" and "cleared up" the right of way to the full width claimed twenty years prior to the institution of the action under consideration, it acquired title thereto unless the defendant's grantor moved in the matter within the time allowed by law; the error being that the charge in effect instructs the jury that by simply opening out and clearing up the right of way the railroad company acquired title whether it immediately or subsequently abandoned the whole or any part of the property or not.

2. But where a railroad company, under the power given it in its charter, lays out a right of way two hundred feet wide and maintains that width by keeping.it clear of trees and undergrowth, its successor in title acquires color of title to the full width of two hundred feet, although the instrument of conveyance merely describes it as the grantor's "right of way."

Submitted March 3,—Decided August 17, 1906.

Equitable petition. Before Judge Parker. Ware superior court. April 26, 1905.

*Leon A. Wilson,* for plaintiff in error.

*Kay, Bennet & Conyers* and *John C. McDonald,* contra.

BECK, J. The Atlantic Coast Line Railroad Company brought an equitable petition seeking to enjoin Bennett from building a fence upon its alleged right of way within about fifty feet from its track, claiming that the width of the right of way, along that portion of the track where the defendant was building the fence,

was two hundred feet, extending a hundred feet on each side of the center of the track. It was alleged that the plaintiff held this right of way under a prescriptive title, by reason of the continuous adverse possession of itself and its predecessors in title for more than twenty years, and also by possession under color of title for a period longer than the statute requires. Upon the trial evidence was introduced tending to show that the plaintiff, together with its predecessors, had, for thirty years prior to the institution of this action, kept the full width of two hundred feet of the alleged right of way, upon a part of which the defendant was alleged to be trespassing, clear of trees and undergrowth. In the instruments conveying the road to the plaintiff and its grantors, the width of the right of way is not described, nor does it appear in the record by copy of charter; but evidence was introduced tending to show that one hundred feet had been cleared and kept clear upon each side of the track by the Brunswick and Albany Railroad Company, the original owner of the road, which had the right under its charter to establish and maintain a right of way of that width. The defendant showed a perfect paper title in himself to the lot he was endeavoring to enclose, as well as to all of the land upon which the railroad was constructed for a distance covered by the proposed fence, but admitted that the plaintiff had a prescriptive title to a right of way thirty feet in width (fifteen feet on each side of the center of the track), and conceded that at the time the road was built, and now, two hundred feet was the usual and necessary width for a right of way through that portion of the country. The jury found for the plaintiff; and to the overruling of the defendant's motion for a new trial he excepted. Besides the general grounds, the motion contained several special grounds, all of which that merit consideration will be taken up and disposed of seriatim.

1. The first ground of the motion worthy of discussion is the one attacking the following charge: "If the railroad company under its charter selected, opened out, and cleared up one hundred feet on each side of its track for its right of way through the land in question, twenty or more years ago, that became the right of way of the company; and if the owner of the soil did not move in the matter, or proceed against it for the value of the right of way within the time allowed her by law, she would have been barred of any right of recovery from the company for the same, and this bar

would operate against any party taking a deed from her." We are constrained to hold that this charge was error. In effect it instructed the jury that by simply "opening out" and "clearing up" a hundred feet on each side of the track twenty years ago, or longer, the railroad company acquired title to that tract unless the defendant's grantor took proper steps against such ownership, whether or not the railroad company immediately or subsequently abandoned all or the greater part of the tract so "opened out." And this is not the law of prescription. For possession to ripen into prescription it must, among other things, be continuous; and to be continuous in a case like the one at bar, the railroad company must have continually kept the two hundred feet clear, or exercised other acts of possession. It is true that in a subsequent portion of the charge the court properly instructed the jury in relation to the railroad company's keeping the right of way clear for the full width; yet, as has been repeatedly ruled and adhered to by this court, the jury are not expected to select one part of a charge to the exclusion of another, nor to determine whether one portion cures a previous error, unless their attention is especially called to the fact that the correct instruction is to be taken in lieu of the bad charge. *Morrison* v. *Dickey*, 119 *Ga.* 698.

2. The only other ground of the motion that need be considered is the attack upon the charge of the court on the subject of prescription under color of title, on the ground that there was no evidence of color of title in the case. Here we must differ with counsel for defendant. There was some evidence introduced upon the trial to show that the original company laid out a right of way two hundred feet wide and maintained that width during the period of its ownership, and its successors in title, according to evidence introduced by the plaintiff, also kept clear the full two hundred feet. It was admitted by the defendant that one hundred feet on each side of the center of the track was, at the time the road was built, the necessary and usual width for a right of way; and under the original company's charter it had the right to appropriate any amount of land for right of way purposes that the directors deemed "necessary for the construction, convenience, and protection of their railroad." (See Acts 1835, p. 191, sec. 10; Acts 1861, p. 112.) So we do not hesitate to hold that there was enough evidence of color of title to warrant the charge complained of, there

being evidence to show that the original company had the right to, and did, lay out and maintain a right of way through the premises in question two hundred feet wide, and that all of the instruments which conveyed the railroad property, from the initial road down to the present plaintiff, conveyed the grantor's "right of way." In *Tumlin* v. *Perry,* 108 *Ga.* 520, in discussing the writing there relied upon as color of title, the court said: "The description is certainly neither clear nor definite, but the uncertainty is not so great that the description can not be made certain by extrinsic evidence. Taking together the description in the bond and the extrinsic evidence introduced for the purpose of identifying the lands, we think that the land could be definitely located. Certainly the bond was admissible as color of title." See also the cases of *Gaston* v. *Railway Company,* 120 *Ga.* 516, *Street* v. *Collier,* 118 *Ga.* 470, and *Harriss* v. *Howard,* ante, 325, where the question is fully discussed. Hence we hold that the court properly charged upon the subject of color of title.

The other portions of the charge excepted to, as intimated above, do not appear to be erroneous for the reasons assigned in the exceptions thereto.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*