FULLBRIGHT, executor, *v.* NEELY.

HOLDEN, J. 1. An assignment of error in a motion for a new trial, complaining of the admission or rejection of evidence, is not valid when such evidence is not literally or in substance set forth in the motion or attached thereto as an exhibit.

2. Upon the trial of a complaint for land, evidence of a declaration made by the defendant, while in possession thereof, that the purchase by him of the dower interest therein made his title to such land complete, as he had previously acquired and then owned the reversionary interest, was inadmissible in his behalf, where no question as to prescriptive title or adverse possession was involved.

3. Under the facts of this case, the defendant was not a competent witness to testify that the deceased grantor of the plaintiff executed, in her capacity as executrix of an estate, a deed to the defendant to the land for which suit was brought.

4. The court charged the jury as follows: "I charge you that in this case there is no evidence contradicting the testimony of Mrs. Carter,

and that the deed to her and Annie Carter was signed by Oscar Carter, Mr. and Mrs. Burdell, and Mr. and Mrs. Butler, and no evidence contradicting her testimony that the power of attorney to Heman H. Perry was signed by Edward A. Carter. I charge you, therefore, that in this view of the case you must find that the plaintiff is entitled to recover an undivided four-fifths interest." The court also charged the jury: "The only conflict in the evidence, as to the deed of Mrs. Carter and Annie Carter, relates to the question as to whether Edward A. Carter signed the power of attorney to H. H. Perry, authorizing him, as attorney, to convey the remainder in this land to Mrs. Carter and Annie." The evidence in this case was such that the question as to whether or not a deed and a power of attorney of the kind referred to were executed and delivered by the parties named was one for determination by the jury, and the giving of the charges above quoted constituted error.

5. The application in the name of the defendant that he be appointed guardian of the property in question, as the property of the grantor of the plaintiff, and the order of the ordinary appointing him as such guardian, and an order of the ordinary authorizing him, as such guardian, to rent such property, were admissible in evidence, under the facts of this case; and the court committed no error in giving the charge complained of, relative to estoppel as arising by reason of such application and orders.

6. Under the facts of this case, it was error to charge the jury that if they should find for the defendant, the form of their verdict would be, "We, the jury, find the land sued for to be the land of the defendant."

7. Where a testator, who held property belonging to some of his children under a trust deed, directed, in his will, that all of this property and his property be equally divided between his widow and all of his children, and that if any child owning an interest in the property under the trust deed should take such interest thereunder, the property belonging to the testator's estate be so divided that such child should receive nothing from his estate until each child not owning any property under the trust deed should receive from his estate an amount equal to that received by such child under the trust deed, and directed that as each of his children became of age one share be assigned to such child, and that in doing so an allowance be made for the education of those under age, in addition to an equal share; and where there was evidence that all except the youngest of the legatees received from the estate all that they would be entitled to if a proper distribution had been made according to the provisions of the will, and that the only property left was the reversionary interest in land in which the widow had taken dower, which interest was no more than such youngest legatee would be entitled to if such distribution had been made: *Held,* that if such reversionary interest was not assigned to her by the executors, or by the court, or conveyed to her by the other legatees, and she had never been in possession of such land, the grantee of the youngest legatee, by reason of such proof alone, even though the executors were dead and many years had elapsed since the death of the testator, could

not maintain, after the death of the widow, a statutory complaint for such land against one of the legatees.

8. A plaintiff in ejectment, or in a statutory complaint for land, must recover on the strength of his own title.

9. The form of action in this case was a statutory complaint for land.

10. Under the facts of this case, the charge of the court relative to presumption of assent on the part of the executors was inapplicable.

*Judgment reversed. All the Justices concur.*

Argued December 2, 1907.—Decided August 18, 1908.

Complaint for land. Before Judge Hammond. Burke superior court. July 23, 1907.

Neely sued Carter to recover 436 acres of land, alleging, that said tract is a part of a tract of 639 acres laid off and assigned as dower, in 1867, to Mrs. Electra A. Carter, widow of Isaiah Carter, who died in 1861, seized and possessed of said tract, and leaving a will that was duly probated and admitted to record in October, 1861; that by his will he directed that his property be divided into as many shares as he had living children, and one for his wife, and one share be given to each child; that the children in life were Edward A. Carter (the defendant), Emma Carter (afterward Burdell), Oscar L. Carter, Sarah E. Butler, and Annie V. Carter; that in the distribution of the estate sundry tracts of land were duly conveyed by the executor and executrix of the will to the four persons just named, except the last, to whom the only property assigned and conveyed was the remainder interest after the termination of dower in the 639 acres, set apart to the widow; that the fee in remainder in the 639 acres was all the property and share that Annie V. Carter received from the estate of her father; that on May 21, 1869, all the heirs at law of the testator, except the widow and Annie V., executed and delivered to these two a joint conveyance of all their right, title, and interest in this 639 acres, the deed conveying the remainder interest after the termination of dower; that on April 4, 1890, Electra A. and Annie V. Carter conveyed the 639 acres to the plaintiff; that in 1875 the dower interest only was levied on by virtue of an execution against Electra A. Carter, and was sold and conveyed by the sheriff to Simeon A. Gray, and the defendant went into possession and holds the land under a conveyance from Gray; that Electra A. Carter died on April 16, 1903, and thereupon the plaintiff, as owner of the remainder interest, became entitled to the possession of the land.

In the attached abstract of title, besides the chain links already sufficiently indicated, appear the following: Power of attorney, dated May 17, 1869, from Edward A. and Emma F. Carter to Heman H. Perry, authorizing him to make, sign, seal, and deliver to Electra A. and Annie Carter a deed of relinquishment to the 639 acres of land that had been assigned to Electra A. Carter as dower; and deed dated May 21, 1869, from A. F. Butler, S. E. Butler, O. L. Carter, in person, and Edward A. Carter and Emma F. Carter, by their attorney in fact H. H. Perry, constituting all the heirs-at-law of Isaiah Carter, save and except Electra A. Carter and Annie Carter, of all their right, title, interest, claim or demand in said 639 acres of land assigned to Electra A. Carter as dower, including the land sued for.

The defendant, denying the principal allegations, pleaded that the alleged power of attorney to Perry, and the alleged conveyance from him as attorney in fact and from the Butlers and O. L. Carter, were forgeries; and made affidavit that any and all of the purported signatures to such documents were not genuine. Under the evidence and the charge of the court, the jury found "the land sued for to be the land of the plaintiff." Pending a motion for new trial the defendant died. His executor became a party in his stead, and excepted to the refusal of a new trial. The material grounds of the motion are indicated by the headnotes.

*Brinson & Davis, Phil. P. Johnston,* and *H. J. Fullbright,* for plaintiff in error. *Lamar & Callaway,* contra.