### WALL v. CENTRAL OF GEORGIA RAILWAY COMPANY.

FISH, C. J. The rule is, that where the plaintiff in an action for land claims under an administrator's deed, proof that the intestate died seized and possessed of the property, and that it was sold by the administrator of his estate under an order granted by the ordinary, is sufficient evidence of title, without proof of title in the intestate. This rule, however, is not applicable in the case at bar. The action was in the statutory form for the recovery of land. The land sought to be recovered was a narrow strip on each side of the track of the defendant railway company, which ran through what was known as the "Jordan Place." The real issue was as to the width of the right of way of the railway company; the plaintiff's contention being that it was only 20 feet wide, that is, 10 feet on each side from the center of the track; the defendant railway company's contention being that the right of way was 100 feet wide, that is, 50 feet on each side from the center of the track. So the strips in controversy were 40 feet wide, running parallel with the track on each side thereof, and 10 feet therefrom. There was evidence in behalf of the plaintiff to the effect that the intestate, under whom the plaintiff claimed, died "seized and possessed of the 'Jordan Place.'" There was uncontradicted evidence to the effect that the railway company had a track in use at the same place through the "Jordan Place" during the lifetime of Jordan, and many years prior to the time that the intestate went into the possession of the "Jordan Place;" but there was nothing tending to show the width of the right of way of the railway company over the land at that time. It is clear, therefore, that the evidence wholly failed to show that the intestate died seized and possessed of the strips of land sued for. It necessarily follows, as the plaintiff failed to show title from any other source, or in any other way, that the verdict in favor of the defendant, the railway company, was demanded under the evidence. It is unnecessary, in view of this fact, to pass upon the assignments of error as to rulings made during the trial.　　　*Judgment affirmed.　All the Justices concur.*

JULY 9, 1912.

Complaint for land. Before Judge J. B. Park. Baldwin superior court. May 1, 1911.

*Hines & Vinson,* for plaintiff.

*Lawton & Cunningham* and *Allen & Pottle,* for defendant.