## LANCASTER *v.* TREADWELL *et al.*

There was no error in overruling the demurrer to the petition.
NOVEMBER 15, 1916.

Complaint for land. Before Judge Mathews. Bibb superior court. December 10, 1915.

*C. L. Bartlett,* for plaintiff in error. *C. H. Hall,* contra.

EVANS, P. J. The action is to recover land and mesne profits. The plaintiffs are alleged to be heirs at law of Mrs. Mary D. Brown,

who had title to the land and died in possession thereof in 1866. Upon her death Ransome T. Avant qualified as her administrator and as such took possession of the land, and never sold it; and upon his death the defendant, a daughter of the administrator, came into possession of the land with full knowledge of the conditions under which her father as administrator took possession and of the fact that her father as administrator never sold the land. It is also alleged that Mrs. Brown died seized and possessed of the land, that her sole heirs at law were two of the plaintiffs (each being entitled to a third interest), and that the heirs of L. V. Hyde were entitled to the remaining third interest. Only the widow of L. V. Hyde appeared as a plaintiff, though it was alleged that he died intestate, leaving certain named children. The court refused to dismiss the petition on demurrer.

Heirs may recover land on proof of their heirship and of the fact that their ancestor died in possession of it, where there is no administrator and no necessity for administration. Powell on Actions for Land, § 303. The title of at least two of the plaintiffs is sufficiently alleged to authorize a recovery of their respective undivided interests, unless the other allegations disclose a good prescriptive title in the defendant. The petition contains no equitable feature or prayer for equitable relief. It is an action to recover land. Neither the statute of limitations nor the doctrine of an equitable bar because of laches is applicable to this form of action. Unless the allegations show that the defendant's possession, alleged to have been actual and continuous for more than twenty years, originated in bad faith, the plaintiffs' action would fail because of a disclosure in the petition of a superior prescriptive title in the defendant. If the defendant's father took possession of the land as administrator and failed to administer it as such, but asserted individual right to the land, such possession could never ripen into a prescriptive title; and if the daughter of the administrator, on his death, as his heir went into possession of the land with knowledge of the facts pertaining to the character of the possession of her father, her possession likewise would not ripen into a prescriptive title as against the true owner. *Lane* v. *Lane,* 87 *Ga.* 268 (13 S. E. 335). There was no error in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*