GEORGIA MINERALS COMPANY *v.* COX.

GILBERT, J. 1. Where a deed did not convey or purport to convey one tract of land embracing the lots stated therein as one whole body of land consisting of so many acres, but conveyed several distinct "tracts or parcels," possession of one of the tracts or parcels named did not, by construction, extend over the others under the deed as color of title. "It is only where all of the lots are conveyed as one tract of land that the statute makes the conveyance color of title to extend over them all, and constructively, by the possession of one, extends the grantee's possession to all within the boundaries of the one tract described in the deed." *Barber* v. *Shaffer*, 76 *Ga.* 285. Under the facts of this case the deed relied upon conveyed several tracts or parcels of land. These tracts were not all contiguous. There was evidence tending to show that the company had been in possession for the required length of time of one of the lots in the same tract as the lot sued for, but there were other lots and other tracts described in the deed not contiguous to the lot sued for, or to the lot of which the company had possession.

2. Under the application of the principles above stated the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

No. 3254. JANUARY 26, 1923.

Complaint for land. Before Judge Tarver. Dade superior court. March 20, 1922.

The trustee in bankruptcy of the Georgia Steel Company conveyed to the Georgia Minerals Company the following described realty:

" Parcel No. 1 (lands in Bartow County, Georgia). Parcel No. 2 (lands in Cherokee County, Georgia). Parcel No. 3 (lands in Catoosa County, Georgia). Parcel No. 4: Also all those tracts or parcels of land situated, lying, and being in Dade County, Georgia, containing in all twenty-seven thousand seven hundred and twenty-five (27,725) acres, more or less, as follows, to wit: In the tenth district and fourth section, land lots Nos. 2, 37, 40, 70, 75, 107, 110, 120, and 145, each containing one hundred sixty (160) acres. In the eleventh district and fourth section, land lots Nos. 67, 70, 75, 77, 78, 102, one hundred fifty (150) acres of 103, 104, 106, 111, 112, 114, 139, 141, 143, 144, 146, 147, 148, 150, 151, 175, 176, 177, 179, 181, 182; 183, 184, 185, 187, 209, 211, 212, 213, 214, 215, 216, 217, 218, 219, 221, 245, and 248, each containing one hundred and sixty (160) acres; one hundred and ten (110) acres in land lot No. 186; forty (40) acres off the north side of land lot No. 220; one (1) acre in the north side of land lot No. 251; and one hundred ten (110) acres in land lot No. 252. In the eighteenth district and fourth section thirty (30) acres of land lot No. 81, and thirty (30) acres of land lot No. 82, in all sixty (60) acres. In the nineteenth district and fourth section one hundred and fifteen lots of land described by number, each containing one hundred and sixty (160) acres; an undivided three-fourths interest in and to land lot No. 35, containing one hundred and sixty (160) acres; one hundred and fifty (150) acres in land lot No. 54; ten (10) acres in land lot No. 69; one hundred and twenty (120) acres in land lot No. 81; and ninety-four (94) acres in land lot No. 98, and an undivided one-fourth interest in land lot No. 9.

" All of the mineral rights and interest in and to all those parcels of land situate, lying, and being in Dade County, Georgia, as follows, to wit: In the eleventh district and fourth section, land lots Nos. 107, 110, 152, and 111, each containing one hundred and sixty (160) acres; the east half of land lot No. 142, containing eighty (80) acres; the north half of land lot No. 251, containing eighty (80) acres; fifty (50) acres off the north side of lot No. 252; and the coal interest in the west half of land lot No. 142 containing eighty (80) acres. In the eighteenth district and fourth section, land lots Nos. 55, 83, and 91, each containing one hundred sixty (160) acres; one hundred thirty (130) acres of

land lot No. 81; one hundred and thirty (130) acres of land lot No. 82; and one hundred and twenty (120) acres of land lot No. 92. In the nineteenth district and fourth section, in the remaining one hundred fifty (150) acres of land lot No. 69, and the coal and timber interest in fifty-three and one third (53-1/3) acres of land lot No. 18.

"The mud and water privileges and rights of way in Dade County, Georgia, as follows, to wit: In the eleventh district, fourth section, the railroad rights of way through and on land lot No. 176. In the eighteenth district, fourth section, the railroad rights of way through and on land lots Nos. 80 and 81. In the nineteenth district, fourth section, the mud and water privileges in land lot No. 69 and the railroad rights of way through and on land lots Nos. 3 and 69.

"Parcels Nos. 5, 6, 7, 8, and 9 (lands in Walker County, Georgia, State of Alabama, etc.)"

The Georgia Minerals Company filed suit against W. P. Cox, for the recovery of lot 141. On the trial the plaintiff depended upon the establishment of title under color based upon the aforesaid deed. The deed was introduced in evidence, and there was evidence tending to show that the plaintiff was never in actual possession of lot 141, but had been in possession for the required length of time of lot 214 or 215 lying in the same district and covered by the deed. The exception was to the grant of a nonsuit.

*W. U. Jacoway* and *Maddox, McCamy & Shumate,* for plaintiff.

*McClure, Hale & McClure,* for defendant.