## ATLANTA AND CHARLOTTE AIR-LINE RAILWAY COMPANY *v.* COLBERT *et al.*

No. 7425.   September 17, 1930.

*McMillan & Erwin* and *Wheeler & Kenyon,* for plaintiff.

*Hamilton Kimzey* and *J. B. Jones,* for defendants.

Beck, P. J.   Atlanta & Charlotte Air-Line Railway Company brought suit against E. F. Colbert, alleging that he is in possession of a described tract of land, and that the plaintiff claims title to the same; that it is a portion of the land conveyed and included in a deed to plaintiff, dated February 1, 1878, from Rice and Mitchell, then owners of the legal title; and that plaintiff went into possession of the land.   To the petition is attached a copy of the deed, and a copy of the plat to which the deed refers.   It is further alleged that on March 1, 1926, the defendant built a filling-station on the land, which he is now operating, "thereby unlawfully depriving petitioner of the use and possession thereof."   The plaintiff's deed was recorded on February 8, 1909; and it is alleged in the petition that the defendant claims the property under the grantors in the deed to plaintiff.   The deed to the defendant is dated January 16, 1905.   Upon hearing the case the court directed a verdict for the defendant.   The plaintiff filed a motion for a new trial on the general grounds, and an additional ground that the court erred in directing a verdict, inasmuch as under the evidence there were issues of fact which should have been submitted to the jury.   The court overruled the motion, and the plaintiff excepted.

The plaintiff's deed in this case is prior in date to that of the defendant; but the plaintiff's deed, which was executed in 1878,

was not recorded until February 8, 1909, and the defendant's deed was recorded February 3, 1909. It is contended by the defendant that under the undisputed evidence in the case the defendant is shown to have gone into actual possession of the property at the time of purchase in 1905, and later built houses on it, without any notice of an adverse claim. It appears that the railroad company was actually in possession of a part of the property conveyed by the deed executed in 1878; but the defendant contends that in this case the deed under which the plaintiff claims title is "so indefinite and vague in its description that it did not identify the land sued for, and the occupancy of a part can not be extended." The defendant's contention that plaintiff's deed did not identify the land sued for because of vagueness and insufficiency of description of the land, if correct, would defeat the claim of plaintiff in this suit; but we can not agree to this contention urged by the defendant. Upon examination of the deed under which the plaintiff claims title and the plat attached to the deed, it appears that the conveyance was sufficiently definite, at least, to admit of aliunde evidence to locate the land conveyed and identify the same. The description of the land conveyed by the deed to plaintiff is as follows: "All the land contained within one hundred feet in width on each side the track or roadway measuring from the center of any portion of the lot of land herein described through which said railway has been constructed and is being run and operated; the land hereby conveyed being a portion of land lot number 200 in the tenth district of Habersham County. Also a strip of land lying immediately west of the Long View depot and adjoining the above-described tract together with the depot building, as more fully shown on the drawing or plat on the back of this deed." This description of the land conveyed sufficiently locates the strip or lot of land 200 feet broad, that is, 100 feet on each side of the railroad track; and this being true, the question left open is, whether or not the additional strip of land lying immediately west of the Long View depot and adjoining the above-described tract,—that is, the strip of land 200 feet broad constituting the right of way, is sufficiently described. This strip of land lying west of the right of way and the depot is the land that is claimed by both parties. When we look at the plat attached to the deed, we find a strip of land 400 feet long and 50 feet broad, adjoining the right of way.

We say that this additional strip of land is 400 feet long and 50 feet broad, as shown by the map or plat, though the only things to indicate that it has the length and breadth indicated are the figures "200-200," and at both ends of the strip the figure "50'." Under testimony in the case, the figures marked as indicated signify so many feet. "Though the description in said agreement be not as clearly expressed as it might be, yet when it contains certain indicia by which a surveyor can ascertain the dividing line agreed upon, the paper is evidence of color of title to the extent of the true dividing line; and where that line, under said written agreement, actually was, is a question for the jury, to be fixed from all the evidence, including that of the surveyor who ran the line according to the agreement, though he did so long after the agreement to divide was made." *Shiels* v. *Lamar*, 58 *Ga.* 590. And it has also been held by this court that where a person having paper title to a tract of land is in actual possession of only a part, the law construes the possession to extend to the boundary of the tract, thus rendering actual possession of part necessary to constructive possession of balance. *Anderson* v. *Dodd*, 65 *Ga.* 402. It is true that there was a public road between parts of the land conveyed by the deed from Rice and Mitchell to plaintiff, that is, between the part of the land constituting the right of way and the additional land conveyed by the same deed. Nevertheless an occupancy of the land on one side of the main highway would also be occupancy of the strip of land on the other side of the highway, both lots being included in the same conveyance. "Possession under a deed, with actual possession of part of the land covered by the deed, will embrace the whole tract described in the deed, whether such tract be one lot or a number of lots." *Parker* v. *Jones*, 57 *Ga.* 204. If the tract contains different lots, the possession extends only to such lots as are contiguous. *Georgia Minerals Co.* v. *Cox*, 154 *Ga.* 861 (115 S. E. 770). And it was also held in the case of *Dodge* v. *Cowart*, 131 *Ga.* 549 (62 S. E. 987): "The possession of a person having paper title to a designated lot of land laid out by official survey, which is traversed by a stream, and who is only in possession of the part of the lot on one side of the stream, will be construed to extend to the boundaries of the lot." And in the same decision it was said: "The lot of land in controversy contained 202-½ acres. There was evidence that a stream or swamp

extended through it, and that the defendants' possession was of about fifty acres,—all of the lot on one side of the stream. We have been unable to find where the precise question has ever been adjudicated, but we do not think the physical condition of the lot excepts the case from the rule stated in the Code, which declares that 'constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such a case the law construes the possession to extend to the boundary of the tract.' The two portions of the lot, on either side of the stream, are not separate lots of land; they are parts of an integral lot, designated in the government survey by a single number, and are not to be regarded as separate and contiguous lots or tracts of land."

If the strip of land fifty feet broad is included in the deeds both of the defendant and the plaintiff, and the plaintiff was in possession of a part of the land conveyed by the deed to it, the occupancy by the defendant of a part of that strip of land 50 feet broad could not ripen into a prescriptive title as against the other claimant. Civil Code, § 4166. "Possession of land by one who has an unrecorded deed from his vendor, conveying a definitely described tract or lot of land, and who resides upon the land and cultivates a part thereof and bona fide claims the whole, is sufficient to give notice to another, who subsequently lends money to his vendor and takes a deed to the same land to secure the loan, as to the extent and character of the occupant's title to the whole lot." *Terrell* v. *McLean,* 130 *Ga.* 633 (61 S. E. 485). And in this case there is some testimony of the defendant himself, which, while not entirely clear, might authorize the jury to find that the defendant Colbert had notice of the railroad's ownership of the land in dispute; the defendant's testimony on that question being as follows: "The railroad was there using the tracks, and the old depot was there when I bought this land. My deed refers to the railroad lines and lands, and I knew that the railroad was using and in possession of the land described in their deed. They gave me a deed to it, and my deed called for the railroad right of way, and I understood that my land stopped at the railroad right of way." It may be, of course, that when the defendant used the language, "I knew that the railroad was using and in possession of the land described in their deed," he referred merely to the land included in the right

of way, believing that this was the only land that was "described" in the railroad company's deed. But, as we have shown above, there is additional land to that included in the right of way, and this appears from references had to the map.

In view of the facts to which attention is called above and the authorities referred to, the court erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*