## HOLLIDAY *et al. v.* GUILL.

No. 14630.   OCTOBER 12, 1943.

*Lester F. Watson,* for plaintiffs in error.   *R. I. Stephens,* contra.

BELL, Chief Justice.  We shall deal first with the general grounds of the motion for a new trial.

The controlling issue upon the trial was the question of title to the 25-acre tract to which the plaintiff, Mrs. Guill, and the defendant, Mrs. Holliday, asserted opposing claims.   There were two defendants, Mr. and Mrs. Holliday, but their answer alleged title only in Mrs. Holliday.   It is contended by the defendants that the verdict for the plaintiff was contrary to the evidence and without evidence to support it, and that a new trial should have been granted for this reason.   No question as to prescriptive title is involved.

Although the plaintiff contends that this 25-acre tract was included in the land that she leased to the defendants, and introduced the lease in evidence, she prayed that the title to this tract be "settled," and did not invoke the rule that a tenant may not dispute his landlord's title.   Code, § 61-107.   It is true that when the defendants tendered in evidence certified copy of the deed from Mrs. Orr, the alleged common grantor, to Mrs. Holliday, counsel for the plaintiff objected on the ground, that "they are undertaking to dis-

pute the landlord's title," but the court overruled the objection, stating that, "under their contentions, the 25 acres are not included in the tract," and the plaintiff appears to have acquiesced in this ruling. Accordingly, we shall treat the case as if the relation of landlord and tenant did not exist.

Since the plaintiff and Mrs. Holliday both claimed under Mrs. Rosa S. Orr, as common grantor, the test was as to which of them held the better title from her. Code, § 33-101; *Wallace* v. *Jones,* 93 *Ga.* 419 (21 S. E. 89). The deed from Mrs. Orr, conveying the 25-acre tract to Mrs. Holliday, was dated September 29, 1921, and was duly recorded. This tract was part of a larger tract then owned by Mrs. Orr, which may be referred to as the Orr place. The plaintiff sought to connect her claim with title in Mrs. Orr anterior to the conveyance to Mrs. Holliday, and the inquiry is whether she succeeded in doing so. The plaintiff's chain of title, as shown by the record, went no further back than 1928, and was not connected with the title of the alleged common propositus. "The mere fact that both parties claim under a common grantor does not dispense with necessity to show that the plaintiff has acquired title or an interest from the common grantor." *First National Bank of Gainesville* v. *Harmon,* 186 *Ga.* 847 (3) (199 S. E. 223). The plaintiff's immediate grantors were Clara Mae Orr and J. E. Burns. In 1928 Elizabeth Johnson deeded the Orr tract to Clara Mae Orr. In 1935 Clara Mae Orr deeded an undivided half interest therein to the plaintiff, Mrs. Guill. In 1936 Clara Mae Orr deeded the remaining half interest to J. E. Burns. In 1938 J. E. Burns deeded this half interest to the plaintiff. There is nothing to show title from Mrs. Rosa S. Orr into Elizabeth Johnson, or into any other person under whom the plaintiff claims. The judge in submitting the case to the jury evidently proceeded upon the theory that the plaintiff's title was so connected in some way, and counsel for the plaintiff insists that the verdict is supported; but we have examined the record carefully, and can find no such connection. Therefore we must hold that the verdict for the plaintiff was unauthorized, and that the court should have granted a new trial on the general grounds.

■ The first special ground of the motion for a new trial assigned error on the ruling admitting in evidence, over objection by the defendants, a tax deed by the sheriff of Laurens County, which

appeared to have been made under a tax fi. fa. against Clara Mae Orr, and a deed by Laurens County to Clara Mae Orr, both purporting to convey the land in dispute. The defendants' objection was as follows: "It appears on the face of them that they are simply deeds of redemption. It doesn't have a thing to do with Miss Clara Orr's title, directly or indirectly. If it was her duty to pay the taxes, she wouldn't have title by these deeds. It couldn't even be a circumstance in the case as to her title." The court overruled the objection, with the statement: "They are relevant as showing one-half undivided title to Miss Clara Orr. I admit them solely for that purpose. If she didn't have title prior to those tax deeds, the tax deeds wouldn't give her title." It was error to admit the deeds in evidence, over this objection. Taken together and as introduced, they were not relevant as showing any title or interest in Clara Mae Orr, as ruled by the judge. "One who is bound to pay the tax on property cannot strengthen his title by purchasing at a tax sale; such purchase shall be treated as payment." Code, § 92-8105. The same rule applies where after a sale for taxes the property is redeemed by the person liable therefor. *Veal* v. *Veal*, 192 *Ga.* 503 (2) (15 S. E. 2d, 725).

■ In charging the jury as to the respective contentions of the plaintiff and the defendants and the law applicable thereto, the judge gave the following instructions in reference to the plaintiff's contentions: "If a person vested with the title to property executes a deed to secure debt, or during the ownership of such title permits tax liens to accrue against the property, and the title to such property is divested from the owner by virtue of their exercise of the power of sale in the deed to secure debt, or by sale of the property for taxes, that any conveyance on the part of the owner of such title after the execution of the deed to secure a debt or the accrual of such taxes would be ineffective as a conveyance of title as against such title as may have been acquired by a person under the deed to secure debt or the tax lien. In other words, gentlemen of the jury, for purposes of illustration, if at the time Mrs. Rosa S. Orr executed a deed, if she did execute a deed to Mrs. Holliday, there was any outstanding loan deed or other liability that resulted finally in the title legally going into a third party, and that the plaintiff's title comes from such third party, by virtue of that kind of a situation, that the defendant would not have title to the twen-

ty-five acre tract." In the motion for new trial, "Movants aver that such charge was erroneous and injuries to them, because there was no evidence or pleading to be the basis of this part of the court's charge to the jury, for the reason that movants' deed to the twenty-five acre tract, which was admitted in evidence, was dated the 29th day of September, 1921, and the plaintiff introduced no evidence, oral or documentary, of any conveyance going out of the common grantor, Mrs. Rosa S. Orr." The record discloses no evidence whatever that the plaintiff at any time acquired title from the common grantor through sale under a loan deed, or sale for taxes accruing against such common grantor, before execution of the deed to Mrs. Holliday. The foregoing charge was unauthorized, and erroneous, as insisted. *Robertson* v. *Abernathy*, 192 Ga. 694, 698 (16 S. E. 2d, 584).

One of the grounds of the motion for a new trial complained of refusal of the court to declare a mistrial, because of the introduction and withdrawal by the plaintiff of certain documentary evidence, and other occurrences, which need not be stated. Since the matters complained of in this ground are such as will not likely be repeated on another trial, it is unnecessary to rule upon this ground. Again, since we have held that a new trial should have been granted on the general grounds, it is not determined whether the other errors complained of would be sufficient within themselves to require a reversal.

*Judgment reversed. All the Justices concur.*