FOSTER *v.* ADCOCK.

No. 17158. JULY 12, 1950.

202

*Charles A. Pannell* and *William Butt*, for plaintiff in error. *Mitchell, Mitchell, Bolling & Mitchell*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The defendant demurred on the grounds, that the petition as amended does not set forth any cause of action against him in either law or equity; that the allegation, petitioner "is in possession of the following described tract of land," does not state (a) that he is in actual possession of the property, or (b) the type or character of possession that he is relying upon, in that he does not state any actual possession of the realty, as provided by the statutes in respect to the requirements as to lawful possession of property; and (c) fails to set forth, with any degree of particularity the character and kind of possession the petitioner is relying upon, in that he does not state he has ever made any improvements on the property in either erecting any fences or performing any act which would constitute actual possession of the property; and (d) the averment is too loose, vague, general, and indefinite to show the type of possession the petitioner is relying upon. Counsel for the defendant insists that the general demurrer should have been sustained, for the reason that the petition and the abstract attached thereto do not show any valid, legal title in the petitioner based upon a grant from the State or by prescription or originating in a tax sale where the property is sold as belonging to the true owner.

There is no merit in the above insistence. The petition as amended alleged that the petitioner is the lawful owner of, has title to, and has been and is now in actual possession of the realty in dispute. An abstract of title, attached to and made a part of the petition, shows a continuous, uninterrupted chain

of title from Mrs. Janie Keith in 1909, including a conveyance of the realty from Ed Whiteman to W. M. Sims, and then from Sims to the petitioner. The year's support, a copy of which was also attached to and made a part of the petition, and which is in the defendant's chain of title, sets aside the property in dispute known as "Jones-Whiteman property." Therefore, the petition on its face shows that both the petitioner and the defendant recognize and claim under Whiteman as their common grantor.

In a suit to remove a cloud upon title, where both parties claim under a common grantor, it is unnecessary to show title back of such common grantor. *Mentone Hotel & Realty Co. v. Taylor*, 161 *Ga.* 237 (2) (130 S. E. 527).

Nor was the petition as amended subject to special demurrer on the ground that it failed to allege, actual possession and failed to designate the type or character of possession.

■ The undisputed evidence shows that petitioner was in possession of the property, on the date the suit was filed, under a continuous chain of title back to the common grantor, Whiteman, and that the defendant claimed under a warranty deed from Mrs. Jones, who in turn claimed under a year's support from her husband's estate. The issue was thus narrowed down to the question of which party had the best title from the common grantor, Whiteman. There was no evidence to connect Mr. Jones, the defendant's predecessor, to the common grantor, other than that he gave Mr. Jones permission to look after the property.

The defendant cannot prevail under the theory of adverse possession, for the reason that the evidence shows that Mr. Jones' possession was permissive. Code, § 85-402.

It follows that under the evidence there were no issues of fact to be submitted to the jury, and therefore a judgment in favor of the petitioner was demanded.

*Judgment affirmed. All the Justices concur.*