SPENCE *et al. v.* SPENCE *et al.*

No. 17406. Argued March 12, 1951 —Decided April 9, 1951.

2

*Bell & Baker* and *G. L. Worthy*, for plaintiff in error.

*Cain & Smith,* contra.

WYATT, Justice. 1. The general grounds of the motion for new trial are not urged before this court, and will not be considered here.

2. The special grounds of the motion for new trial complain that the judgment of the court below directing a verdict for the plaintiff was error for the reason that there were issues of fact which should have been submitted to the jury.

The evidence for the plaintiff in the court below was briefly as follows: Frank Proctor, Tax Commissioner for Grady Coun-

ty, testified that, though he could not find the original tax returns for the years 1908 to 1917, the tax digest books for those years showed that Mrs. W. G. Spence or Mrs. Lula Spence had returned the land here involved for taxes every year from the year following the date of the deed in question to approximately the time of her death. He further testified that, since that time, Mr. W. G. Spence had returned the land until his death. W. G. Bullock testified that he saw the deed either just before or just after the death of Mrs. Lula Spence; that at that time there were no erasures on the deed, and the deed was to Mrs. W. G. Spence; that he again saw the deed just after the death of Mr. W. G. Spence; and that at that time the erasures had been made. John Spence testified that he saw the deed in 1933, some time after the death of Mrs. Lula Spence, and that at that time there were no erasures on the deed, and the deed was to Mrs. W. G. Spence; that three or four years later he saw the deed again, and at that time part of it had been erased. He further testified that he had always heard that the land belonged to his mother. A photostatic copy of the deed is included in the record, and the erasures clearly appear to have been made. There was introduced in evidence a copy of a timber lease from Mrs. W. G. Spence to the Meigs Lumber and Manufacturing Company. This lease bears the date 1909, and the description closely follows the description contained in the deed here in question. All the above evidence is uncontradicted.

The evidence for the plaintiff in error was that Mr. W. G. Spence operated the farm as if it were his own, that he and his family lived there, and that he made improvements on the land. One of the witnesses testified that Mr. W. G. Spence became involved in a lawsuit with an adjoining landowner regarding a land line, and that he believed it was in the lifetime of the first Mrs. Spence. Another witness testified as to a turpentine lease some 20 or 25 years ago, the exact date not being given. He testified that he and his father took a turpentine lease from Mr. W. G. Spence. On cross-examination, he testified that he would not want to swear that they actually took a lease because he could not remember and could not find the lease. Two witnesses, the only surviving representatives of the Thorpe Spence Estate, testified that they remembered going to Pelham

with their brothers and sisters to make a deed to W. G. Spence. Several of the witnesses testified that they had never heard of anyone else claiming any interest in the land.

In view of the evidence in the record before us in this case, we must hold that the evidence shows conclusively that the deed in question was altered after its execution. The testimony is that the deed was altered some time after the death of Mrs. Lula Spence and that until her death she exercised the rights and duties of ownership of the land. We realize that at the outset the plaintiff in the court below had the task of overcoming the presumption that the deed was altered before it was executed. Considering all the evidence in this case, it is impossible to escape the conclusion that such presumption has been positively and completely rebutted, and that a finding that the deed was altered after its execution was demanded by the evidence in this case.

2. The plaintiffs in error contend that they had a right to go to the jury under the rules as laid down in *Lancaster* v. *Treadwell,* 146 *Ga.* 81 (90 S. E. 710), *Bagley* v. *Kennedy,* 85 *Ga.* 703 (11 S. E. 1091), *Wolfe* v. *Baxter,* 86 *Ga.* 705 (13 S. E. 18), and other cases. The rule contended for is that, when a person dies in possession of land, his heirs, personal representative, widow under a year's support, etc., or their transferees can make a prima facie case of title in the deceased predecessor merely by showing that he died in possession. Conceding, but not deciding, that this is a correct statement of a rule of law that obtains in this State, it does not aid the plaintiff in error in this case, for the reason that, as is held in the foregoing division of this opinion, title is conclusively shown not to be in the person dying in possession, W. G. Spence in this case. It follows, from what has been said above, that the judgment of the court below denying a new trial was not error.

*Judgment affirmed. All the Justices concur.*