### 20531. POPE *v.* MIDDLEBROOKS.

DUCKWORTH, Chief Justice. Construing the pleadings most strongly against the pleader, as we must do on demurrer, the alleged description of the land sought to be recovered in this action shows that it is located in the northwest corner of a named land lot, district, section, and county of this State, and is three acres, more or less, of a certain 15-acre tract, conveyed by deed to a named person and recorded in a certain deed book and page of the county deed records, and bounded on four sides by certain named property owners; and as such is insufficiently described to locate the three-acre tract or to provide a key whereby it could be ascertained by the use of extrinsic evidence. See *Laurens County Board of Education* v. *Stanley*, 187 *Ga.* 389 (200 S. E. 294); *Blumberg* v. *Nathan*, 190 *Ga.* 64 (8 S. E. 2d 374); *Dodd* v. *Madaris*, 206 *Ga.* 497 (57 S. E. 2d 597); *Hamilton* v. *Evans*, 208 *Ga.* 780 (69 S. E. 2d 739); and cases cited in those cases. The 15-acre tract may be capable of ascertainment from this description, but not the three-acre tract contained therein. While counsel for the plaintiff in error insists that the boundaries given in the description in the petition could be the boundaries of the three-acre tract, yet he had ample opportunity to amend to meet the general demurrer alleging the description to be vague and indefinite, but failed to do so. Instead, the amendment to the petition, which set forth the particular link of the chain of title which described the 15-acre tract, referred to in the petition as being recorded in a named deed book and page of the deed records of that county, shows clearly that the boundaries referred to in the petition are almost verbatim the boundaries of the 15-acre

tract and not of the three-acre tract. It follows that the alleged three-acre tract can not be ascertained with any degree of certainty from the description given, and the court did not err in sustaining the general demurrer, striking the amendment, and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1959—DECIDED SEPTEMBER 11, 1959.

*Walter B. Fincher,* for plaintiff in error.
*Shirley C. Boykin, D. S. Strickland, Wm. P. Johnson,* contra.