### 33079. SANDERS v. BRYANT et al.

BOWLES, Justice.

This appeal is from an order granting summary judgment to appellees. The case arose as a dispute over a two-acre tract of land located in Gwinnett County, Georgia. Appellant claimed the land under a warranty deed to him from his grandmother. Appellees, upon learning of appellant's claim to the land, filed a complaint alleging that appellant's deed was inoperative as a conveyance of title or interest because the description of property therein was so vague and indefinite as to afford no means of identifying any particular tract of land. They prayed appellant's deed be declared void and that title to the disputed area be vested in them. They filed a motion for summary judgment, which the trial court granted. We reverse.

In an action to recover land, the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title. *Fullbright v. Neely,* 131 Ga. 344 (62 SE 188) (1908); *Barfield v. Barfield,* 151 Ga. 618 (108 SE 43) (1921); *O'Connor v. Edmonds,* 208 Ga. 42 (64 SE2d 893) (1951). In the case now before us for review, the appellees attached to their complaint a copy of appellant's deed which they were attacking. They did not

submit a copy of any instrument under which they were claiming title to the land; nor did they present sufficient evidence to support a claim of title by prescription or adverse possession. This failure to prove good title in their own right would cause their motion for summary judgment to fall, and leave an issue of fact to be resolved by a jury. Therefore, it was error for the trial court to grant appellees' motion for summary judgment.

In its order, the trial court ruled that the warranty deed from Dessie Sanders to Leon Sanders was void and inoperative either as a conveyance of title or as color of title because of its vague and indefinite description. This portion of his ruling was correct.

The trial judge concluded that appellant had no interest, legal or equitable, in the land. However, testimony by appellant before the court on motion for summary judgment showed that appellant had paid the full purchase price for the land and that he had been put in possession of a definite marked parcel of two acres of land by the seller. Payment in full of the purchase money is sufficient part performance, under a parol contract to justify a decree. *May v. Sorrell*, 153 Ga. 47 (3) (111 SE 810) (1921); *Dollar v. Dollar*, 214 Ga. 499 (3) (105 SE2d 736) (1958). Code Ann § 37-802. These facts raise an issue of whether a parol contract existed which would be enforceable under Code Ann. § 37-802, and whether or not appellant's acts of possession were sufficient to put a subsequent purchaser for value from his vendor on notice of his rights.

The burden will be on appellant at trial to show that there existed an oral contract to buy a specific parcel of land, and that the contract was partially performed by payment of the purchase price. While the description contained in his written deed is too vague to identify the land purchased, appellant may be able to show the definite parcel he was put in possession of at the time of performance in order to prove the specific parcel purchased by him. The insufficient descriptive deed may be admissible for the limited purpose of proving the date of the transaction, the bona fides of appellant's possession and the fact consideration was acknowledged by his vendor.

For these additional reasons, we find that issues of material fact remain, and it was error for the trial court to grant appellees' motion for summary judgment.

*Judgment reversed. All the Justices concur.*

SUBMITTED DECEMBER 16, 1977 — DECIDED FEBRUARY 7, 1978 — REHEARING DENIED FEBRUARY 28, 1978.

*James W. Garner, Dennis T. Still,* for appellant.
*Louis F. McDonald,* for appellees.