## 33747. MATHEWS et al. v. LOGAN.

Bowles, Justice.

Appeal is taken from an order of Pickens Superior Court, denying appellant's motion for summary judgment and granting appellee's motion for summary judgment in a case involving title to land.

In 1959, appellee Ernest H. Logan was appointed administrator of the estate of Matilda Childers. Pursuant to an order for leave to sell certain property of the estate of Matilda Childers granted by the Court of Ordinary of Gilmer County, appellee as administrator conveyed 59.3 acres of real property located in Pickens County to Will D. Poole, following public sale. The deed was duly recorded. No objection was raised to the administrator's sale.

In January 1960, Poole sold the tract of real property, for value, to appellee, Ernest H. Logan, individually. That deed was recorded in June 1965.

On April 26, 1977, appellants, as descendants of Luvonia Childers, filed suit against appellee claiming that they and heirs other than Matilda Childers owned a nine-tenths interest in "[a]ll that tract or parcel of land lying in said County, it being 32 acres more or less, in the Southeast of lot no. 105 in the 13th District and 2nd

Section of said County." Their claim was based in part upon an unrecorded deed from Rebecca Thomas to Luvonia Childers, and to them through intestate succession. They also alleged that the land described in defendant-appellee's deed was the same tract and that Matilda Childers was one of the ten children of Luvonia Childers.

Both parties filed motions for summary judgment. The trial court denied appellants' motion and granted appellee's motion, finding there to be no genuine issue as to any material fact. We affirm in part and reverse in part.

"In an action to recover land, the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title." *Sanders v. Bryant,* 240 Ga. 825 (242 SE2d 717) (1978) and cits. In the case now before us for review, appellants claimed title under an unrecorded deed describing the property as "32 acres, more or less, in the Southeast of lot no. 105 in the 13th District and 2nd Section of said County. . ." We find this description to be so vague and indefinite as to render the deed insufficient to convey title as a matter of law. See *Pope v. Middlebrooks,* 215 Ga. 282 (110 SE2d 354) (1959); *Bennett v. Revis,* 212 Ga. 800 (96 SE2d 257) (1957); *Farrar Lumber Co. v. Brindle,* 170 Ga. 37 (5) (151 SE 923) (1929). As appellants did not prove any title or possessory rights to the land in question the trial court was correct in denying their motion for summary judgment.

Appellee, in making his motion for summary judgment, did not prove the order of the probate court authorizing the administrator's sale; *Porter v. LaGrange Bkg. &c. Co.,* 187 Ga. 528 (2) (1 SE2d 441) (1939); *Hall v. Davis,* 122 Ga. 252 (3) (50 SE 106) (1904); nor did he prove by any method, title into the decedent's estate, *Findley v. Johnson,* 84 Ga. 69 (3) (10 SE 594) (1889); *Wall v. Central of Ga. R. Co.,* 138 Ga. 347 (75 SE 253) (1912). Thus, it was not shown that title passed to appellee through the administrator's deed, *Daniel v. Wilson,* 91 Ga. 238 (4) (18 SE 134) (1892). Neither did appellee show that he had gained title by prescription since the date of the administrator's sale. We conclude that appellee failed to show that he held a valid title to the disputed land.

At trial, appellants may be able to show, as alleged in

their complaint, that they are entitled to the land as heirs of Luvonia Childers, without the necessity of proving a valid deed from Rebecca Thomas to their ancestor. See *Lancaster v. Treadwell,* 146 Ga. 81 (90 SE 710) (1916); Powell on Actions for Land § 303. If so, the burden would then shift to appellee to show that his predecessor in title, Matilda Childers, did not hold the land at her death as a tenant in common with the other heirs of Luvonia Childers.

As appellee did not prove his good title to the land, and did not otherwise preclude all possibilities of plaintiffs' title, the trial court erred in granting his motion for summary judgment. Therefore, the case is returned to the trial court for a trial on the issues.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

Submitted June 16, 1978 — Decided September 6, 1978.

*Carden & Carden, Mark A. Carden,* for appellants. *Thomas A. Roach,* for appellee.