## S04A0781. WATKINS v. HARTWELL RAILROAD COMPANY.
### (597 SE2d 377)

CARLEY, Justice.

Hartwell Railroad Company (Railroad) brought suit to enjoin Tommy Watkins from continuing to erect improvements on property which is allegedly part of the Railroad's right-of-way. The Railroad claimed ownership of the property by virtue of an unrecorded 1874 deed to one of its predecessors conveying fee simple title to the land 100 feet on each side of the center line of the railroad track, which would pass through "land known as the Dean tract . . . ." Watkins traced his title back to an earlier deed from the State of Georgia to Alvan Dean. With the parties' consent, the trial court appointed a special master and ordered that the matter be conducted pursuant to the quiet title provisions of OCGA § 23-3-60 et seq. The special master concluded that the Railroad had title to the disputed property. The trial court denied Watkins' request for a jury trial because there was no genuine issue of material fact, and adopted the findings of the special master. The trial court held that the indication in Watkins' deed that his title extends to the southern right-of-way of the Railroad was sufficient to put him on notice of its existence. It further found that the Railroad's use and possession for over 100 years also put him on notice. Finally, the court concluded that the Railroad's possession met the elements for prescriptive ownership, while Watkins did not show reacquisition by prescription since the railway is still in use and his possession of the disputed area was not exclusive. Because Tommy Watkins died during the pendency of the litigation, the trial court subsequently ordered that Brian Watkins, as executor, be substituted as defendant, and he brings this appeal.

Watkins timely demanded a jury trial pursuant to OCGA § 23-3-66 before the special master heard this case. *Paul v. Keene*, 272 Ga. 357, 358 (529 SE2d 135) (2000); *Addison v. Reece*, 263 Ga. 631, 632 (1) (436 SE2d 663) (1993). He enumerates the denial of that demand as error. Therefore, "the question for decision is whether the evidence raised a genuine issue of material fact." *Paul v. Keene*, supra at 358.

Although both the Railroad and Watkins attempted to trace their titles back to Alvan Dean in the 1800's, the Railroad admitted that there is a gap in its chain of title. The farthest back the Railroad can trace title without a gap is the 1874 deed, which was executed by William McFarland. Although Watkins' chain of title showed a conveyance from Dean's executor, the Railroad failed to prove that McFarland had any family or representative connection with Dean or his executor. See *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 477 (2) (498 SE2d 266) (1998); *Mathews v. Logan*, 242 Ga. 69, 70 (247 SE2d 865) (1978). There was no evidence to connect McFarland to the alleged

common grantor. *Foster v. Adcock*, 207 Ga. 201, 204 (2) (60 SE2d 334) (1950). Thus, although Watkins' chain of title went back to the original grant from the State in 1837, the Railroad's chain of title went no farther back than 1874. *Holliday v. Guill*, 196 Ga. 723, 727 (1) (27 SE2d 398) (1943). " 'The mere fact that both parties claim under a common grantor does not dispense with necessity to show that the plaintiff has acquired title or an interest from the common grantor.' [Cit.]" *Holliday v. Guill*, supra. Therefore, even if the 1874 deed had been recorded or Watkins was otherwise on notice of its existence, the Railroad failed to show that it has superior record title to the disputed property.

The railroad tracks were laid in 1878 and have been used and maintained by the Railroad or a predecessor ever since. Therefore, the Railroad satisfied the requirements of adverse possession, with or without color of title, and thereby gained a right-of-way by prescription. *Seignious v. MARTA*, 252 Ga. 69, 72-73 (1) (311 SE2d 808) (1984); *Murphy v. Central of Ga. R. Co.*, 135 Ga. 194, 195 (4) (69 SE 117) (1910); *Bennett v. Atlantic Coast Line R. Co.*, 126 Ga. 411 (1) (55 SE 177) (1906); *Georgia Pacific R. Co. v. Strickland*, 80 Ga. 776 (3) (6 SE 27) (1888). The issue is the scope of that prescription. Although normal growth, including bushes and trees, would occur on the disputed property, there is some evidence that the Railroad has kept cleared all property which it claims as its right-of-way. This is a sufficient showing of adverse possession 100 feet from the center line. See *Murphy v. Central of Ga. R. Co.*, supra at 195 (5); *Bennett v. Atlantic Coast Line R. Co.*, supra at 413 (2). However, Watkins presented evidence that the Railroad would keep only the roadbed and the drainage ditch clear and that the only maintenance of the disputed property was Watkins' occasional bush-hogging. Thus, there is an issue of fact regarding the Railroad's actual possession of the disputed property.

We now examine whether the Railroad had constructive possession, as a matter of law, of the entire 100 feet which it claims as the right-of-way. Ordinarily, actual possession under a recorded deed conveying several contiguous tracts or lots will extend by construction to include the entire premises conveyed. OCGA § 44-5-167; *Campbell v. Gregory*, 200 Ga. 684, 688 (38 SE2d 295) (1946). Although the deed from the Railroad's immediate predecessor is dated 1995, just three years before this suit was filed, the Railroad has color of title to the entire 100 feet because of the 1874 deed. That deed is sufficiently definite to constitute color of title to the disputed property. *Atlanta and Charlotte Air-Line R. Co. v. Colbert*, 171 Ga. 196, 197-198 (154 SE 909) (1930). However, where, as here, a deed which constitutes color of title is unrecorded, "constructive possession will not extend beyond the tract or lot on which actual possession is

maintained. [Cits.]" *Campbell v. Gregory*, supra at 688. See also *Carstarphen v. Holt*, 96 Ga. 703-704 (3), (4) (23 SE 904) (1895); OCGA § 44-5-166 (a). Furthermore, constructive possession under an unrecorded deed will not ordinarily extend "beyond the possessio pedis, even as to the lot or parcel on which actual possession is maintained of a portion, unless actual possession has been maintained of a portion *of the land in dispute.*" (Emphasis in original.) *Campbell v. Gregory*, supra at 688. Watkins has consistently acknowledged the Railroad's long-time prescriptive rights in the tracks, roadbed, drainage ditch, and slopes of the ditch. Under his evidence, as discussed above, the Railroad has not maintained actual possession of any of the property to which Watkins disputes the title and, therefore, cannot prevail based on constructive possession. *Campbell v. Gregory*, supra.

The trial court and the special master relied on *Colbert*, but that case is clearly distinguishable. The trial court there directed a verdict against the railway and in favor of the defendant despite evidence that he was on notice of the railway's prior deed, which was executed by the defendant's grantors, and of what land was described therein. *Atlanta and Charlotte Air-Line R. Co. v. Colbert*, supra. No such evidence is present here. Beginning in 1902, all of the deeds in Watkins' chain of title described the property conveyed as being bounded by the railroad right-of-way. One claiming title to lands is chargeable with notice of any matters which appear on the face of any deed forming an essential link in his chain of title and of whatever matters he would have learned by any inquiry which the recitals of such deeds made it his duty to pursue. *Henson v. Bridges*, 218 Ga. 6, 9 (2) (126 SE2d 226) (1962). However, the mere recital of the right-of-way as a boundary did not put Watkins on notice that the Railroad's right-of-way may extend far beyond its actual possession of the roadbed and ditch, especially when the deed records gave no notice of any conveyance to the Railroad and when the right-of-way was not mentioned in Watkins' chain of title until the Railroad's predecessor had built and used the railway for more than 20 years. Watkins could reasonably conclude from these circumstances, without further inquiry, that the Railroad's title was based on prescription and included only the roadbed and the ditch. Moreover, under Watkins' evidence, such conclusion would have been entirely correct. If he had investigated further, Watkins could have discovered, at best, the 1874 deed which, based on his evidence, was inferior to the record title of his grantor and entitled the Railroad only to the possessio pedis. *Campbell v. Gregory*, supra. Compare *Atlanta and Charlotte Air-Line R. Co. v. Colbert*, supra.

Accordingly, the Railroad did not have actual or constructive possession, as a matter of law, of the disputed property. Whether

" 'facts exist which constitute adverse possession, is for the jury to judge.' " *Barnett v. Holliday*, 228 Ga. 361, 362 (2) (185 SE2d 397) (1971). Therefore, the trial court "erred in failing to submit this case to a jury. [Cit.]" *Paul v. Keene*, supra at 358.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 7, 2004.

*Milford & Milford, C. Patrick Milford, Charles D. Strickland*, for appellant.

*McClure, Ramsay, Dickerson & Escoe, Allan R. Ramsay*, for appellee.