28347. THOMAS v. HOOKS et al.

UNDERCOFLER, Justice. George W. Thomas brought a proceeding against Charlotte Hooks et al., to remove a cloud on the title of certain land which had been created by the adverse claims of the defendants. The parties are the heirs at law of Wash Thomas. The record shows that Wash Thomas was the owner of 150 acres of land in Decatur County, Georgia. On September 13, 1912, he

conveyed by warranty deed to H. B. Ehrlich and Company 75 acres of the land and on the face of the deed stated that it was given to secure a certain loan and also all future advances. Wash Thomas had possession of the property until shortly before his death intestate on January 26, 1937. Prior to his death, he moved from the property and the whole 150 acres was managed for him by his son George W. Thomas. On December 9, 1936, George W. Thomas paid $350 to Ehrlich and received a warranty deed to the 75 acres previously conveyed by his father to Ehrlich. Wash Thomas died six or eight weeks after this conveyance. There is no evidence of ouster of his father from the 75 acres covered by the warranty deed from Ehrlich and he continued to manage and occupy the whole 150 acres in the same manner as he had prior to his acquisition of the warranty deed from Ehrlich. George W. Thomas rented the land, collected the rents, returned and paid taxes on the entire 150 acres, sold timber off the entire tract, and otherwise handled it in the same manner as he had during his father's lifetime with no notice to the cotenants that he was adversely claiming the 75 acres deeded him by Ehrlich until January 1970.

George W. Thomas died during the pendency of the proceedings and Pearl Thomas Reed, as executrix of his estate, was made a party to the case in the trial court.

Each side filed a motion for summary judgment and agreed that the trial court could decide the issues without further hearings.

The trial court rendered judgment for the defendants and the appeal is from that judgment. *Held:*

1. The appellant contends that the warranty deed from Wash Thomas to H. B. Ehrlich and Company in 1912 which showed on its face that it was given to secure a debt was in reality a warranty deed. There is no merit in this contention. The deed itself shows that it was made to secure a debt.

2. The appellant further contends that since 1936 when George W. Thomas obtained the warranty deed from H. B. Ehrlich and Company to the 75 acres, sufficient time has elapsed to ripen into prescriptive title against his cotenants. We do not agree.

In *Hardin v. Council,* 200 Ga. 822 (1) (38 SE2d 549), it is said: "Where the other elements of prescription are present, adverse possession of lands, commenced in good faith and continued for seven years, under written evidence of title, will give title by prescription. (a) 'There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after

demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession.' Code § 85-1005. (b) A party claiming prescriptive title as against a cotenant has the burden of showing not only the usual elements of prescription, but, in addition thereto, at least one of the conditions stated in the foregoing section as to cotenants. (c) Where land was owned by two persons as tenants in common, and one of them took a deed from a third person purporting to convey to himself the whole of the common property, and had such deed recorded, and where, under the facts and circumstances, the conveyance amounted to nothing more as between the cotenants than the removal of an encumbrance for which they were both liable, possession of the land by the grantee, under such deed, would not (assuming good faith) constitute such an ouster of the other cotenant as would lay a foundation for the commencement of adverse possession against him, unless it was accompanied by a hostile claim of which he had actual notice, or by unequivocal acts of possession so visible, hostile, exclusive, and notorious that such notice may be fairly presumed." See also *Waldrop v. Bettis,* 223 Ga. 715, 718 (157 SE2d 870).

There is no evidence of ouster of the cotenants here until January 1970. Therefore, this contention of the appellant is without merit.

3. The defendants are not barred by laches from asserting their claim to the property since they were not notified until January 1970 that the complainant was claiming title to the 75 acres under his deed from Ehrlich.

*Judgment affirmed. All the Justices concur.*

Submitted October 15, 1973 — Decided November 9, 1973.

*Ralph C. Smith, Jr.,* for appellant.
*Conger & Conger, Leonard H. Conger,* for appellees.