### 38801. LINDSEY v. LINDSEY et al.

MARSHALL, Justice.

This is a proceeding to quiet title to a house and lot in Lenox, Georgia. Code Ann. § 37-1411 et seq.

Fannie Bell Lindsey was record titleholder of this property. She and her husband, W. R. Lindsey, lived on the property with their

three children. Fannie Bell died intestate in 1932. She left W. R. and the three children as her heirs at law and, therefore, as cotenants in the subject property.

W. R. subsequently married Mary Ann Lindsey. They had two children, with whom they lived on the above-described property. In 1953, W. R. executed and recorded a warranty deed, conveying remainder interests in the property to his and Mary Ann's two children and reserving successive life estates to himself and Mary Ann. W. R. died on March 3, 1973, and Mary Ann died on September 18, 1980.

This suit was instituted on October 27, 1980. The plaintiffs are the children and grandchildren of W. R. and Fannie Bell. They claim the property as Fannie Bell's heirs. The defendants are the two children of W. R. and Mary Ann. They claim the property as remaindermen in the 1953 warranty deed and through adverse possession.

The case was referred to a special master. The special master concluded that the plaintiffs were ousted from the property through a recordation of the 1953 warranty deed and that, accordingly, the defendants have been in adverse possession of the property for more than 20 years. The superior court adopted the special master's report. Therefore, judgment was entered decreeing title to the property to be in the defendants. The plaintiffs appeal. *Held:*

"Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Permissive possession cannot be the foundation of a prescription, until an adverse claim and actual notice to the other party." Code Ann. § 85-402; e.g., *Barnett v. Holliday,* 228 Ga. 361, 362 (185 SE2d 397) (1971). "A party who alleges title by prescription has the burden of proving it..." E.g., *Harris v. Mandeville,* 195 Ga. 251, 252 (4) (24 SE2d 23) (1943).

However, "[t]here may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." Code Ann. § 85-1005; e.g., *Thomas v. Hooks,* 231 Ga. 409, 410 (202 SE2d 92) (1973).

Thus, a person claiming prescriptive title against a cotenant has the burden of showing not only the usual elements of prescription under § 85-402, but in addition thereto at least one of the conditions stated in § 85-1005. *Thomas v. Hooks,* supra.

It is true that where a tenant in common conveys the whole property to a third person who goes into possession under the

conveyance claiming the entire lot as his own, this constitutes an ouster of the other tenants. E.g., *Broadwater v. Parker,* 209 Ga. 801 (76 SE2d 402) (1953) and cits.; *Andrews v. Walden,* 208 Ga. 340, 344 (66 SE2d 801) (1951) and cit.; *Street v. Collier,* 118 Ga. 470 (6) (45 SE 294) (1903) and cits. However, the special master in this case was incorrect in concluding that the mere recordation of a deed from one tenant in common to a third person constitutes an actual ouster of the other cotenants. See Pindar, Ga. Real Est. Law § 7-91, p. 252, n. 3 (2nd Ed.).

The 1953 warranty deed gave the defendants no right to possess the property until the extinguishment of the reserved life estates. Therefore, the defendants have been in possession of the property, not as third-party purchasers, but as tenants of the life-estate holders. Possession of the property by a party who stands in the position of a tenant of a cotenant does not constitute an actual ouster of the other tenants in common. See, e.g., *Morgan v. Mitchell,* 104 Ga. 596, 598 (30 SE 792) (1898).

We have searched the record in this case, and we find no evidence sufficient to constitute an actual ouster of the plaintiffs from the subject property; nor do we find evidence of exclusive possession after demand, or express notice of adverse possession.

Therefore, the judgment decreeing title to all of the property to be in the defendants must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED SEPTEMBER 23, 1982.

*Walters, Davis, Smith & Meeks, W. Edward Meeks, Jr.,* for appellant.

*David Roy Hege,* for appellees.